# Commonwealth v. Chaudhary

C.P. of Lawrence County, Nos. 117 of 2012, C.R. and 1256 of 2012, C.R.

*William J. Flannery*, for Commonwealth.
*Dennis A. Elisco*, for defendant.

PICCIONE, *J.*, October 2, 2013—Before the court for disposition is the Petition for Writ of Habeas Corpus (hereinafter, the "petition") filed on behalf of the defendant, Imran Chaudhary (hereinafter, the "defendant"). The defendant was charged with one count of receiving stolen property pursuant to 18 Pa.C.S.A. § 3925(a) at both case numbers listed above. The petition contends that the Commonwealth has failed to state a prima facie case against the defendant with respect to the charges.

The charge at case filed at number 1117 of 2012 arises from events allegedly taking place on September 23, 2012. Before commencing the hearing, the parties stipulated that the ATV was reportedly stolen and ultimately found by its owner in the ball fields of Mahoningtown at a later date. Mr. Andrew Heaton (hereinafter, "Heaton") testified at the defendant's preliminary hearing before Magisterial District Judge David B. Rishel on October 11, 2012. Heaton testified that while walking on Wampum Road toward the ball field on September 15, 2012, he saw two individuals standing on opposite sides of an ATV, each attempting to start the engine. Heaton testified that the ATV was green with missing decals and a broken piece on the left side. Heaton testified that one of the individuals with the ATV was the defendant, whom Heaton had recognized from prior sighting. Heaton thought the ATV had broken down, and he offered to help them push the ATV. The individuals told Heaton that the engine was just cold, but it still worked, so Heaton walked away. After continuing toward the ball field, Heaton testified that he heard the ATV's engine start; Heaton turned around, but he did not see the individuals or the ATV.

Heaton testified that he received a telephone call at the end of a ball game on September 23, 2012 from Mr.

Matthew Reighert (hereinafter, "Reighert"). Reighert told Heaton that his ATV was parked in the grass next to the parking lot. He told Heaton that he found the ATV in the woods beyond the outfield and parked it in the grass. Reighert asked Heaton to wait at the field with the ATV until his father was able to pick it up, and Heaton obliged. Heaton testified that he was certain this ATV was the same ATV he saw with the defendant on September 15, 2012.

The charge at case number 1256 of 2012 arises from events allegedly taking place on September 17, 2012. On that date, Officer Terry Dolquist (hereinafter, "Officer Dolquist") of the City of New Castle Police Department spoke with Mr. Larry Macri (hereinafter, "Macri"). Macri told Officer Dolquist that he returned home and noticed his free standing bronze fire pit was missing from his yard. He told Officer Dolquist that he found the remnant of the fire pit in the back yard of 225 S. Ashland Avenue, New Castle, Lawrence County. While Macri was out of town, his wife informed him that on Saturday, September 15, 2012, a number of people were outside 225 S. Ashland Avenue with a bon fire.

Officer Dolquist went to 225 S. Ashland Avenue and spoke with the defendant. Officer Dolquist informed the defendant of the circumstances regarding the fire pit, but the defendant told Officer Dolquist he would have to speak with his parents. Officer Dolquist spoke to an individual who identified himself as the defendant's father on the telephone. The man told Officer Dolquist that he had been out of town for weeks and his wife, Ms. Carlisa Santana (hereinafter, "Santana") should be home. Officer Dolquist attempted to call Santana several times with the number provided to him by the man who identified himself as the defendant's father, but Officer Dolquist was

unsuccessful. Officer Dolquist also attempted to speak with Santana a number of times at 225 S. Ashland Avenue but was similarly unsuccessful. In the affidavit of probable cause, Officer Dolquist avers that he is familiar with the defendant and knows that his parents are often away from home, and he found no evidence that the persons to whom the house belongs reside therein. As a result of these facts, the defendant was charged with receiving stolen property for the fire pit.

The defendant filed the petition for both cases discussed above. In his petition, the defendant argues that the Commonwealth has failed to present sufficient evidence to establish a prima facie case to support a charge of receiving stolen property in both cases. As such, the defendant requests this court dismiss the charges at both case numbers.

Filing a petition for writ of habeas corpus is the recognized method for challenging a finding that the Commonwealth has established a prima facie case at the preliminary hearing stage. *Comm. v. Karlson*, 674 A.2d 249 (Pa. Super. 1996). *See also Comm. v. McBride*, 595 A.2d 589 (Pa. 1995); *Comm. v. Carmody*, 799 A.2d 143 (Pa. Super. 2002). On review, the trial court must find that the Commonwealth presented sufficient evidence to make a prima facie showing that the defendant committed the crime with which he or she is charged. *Comm. v. Hock*, 728 A.2d 943 (Pa. 1999).

In order to establish a prima facie showing, the Commonwealth must present evidence establishing that the crime charged was committed and that there is a probability that the defendant committed the charged crime. *Comm. v. Fox*, 619 A.2d 327 (Pa. Super. 1993). To prove these two things, the Commonwealth must

offer some proof to establish each material element of the offense charged. *Comm. v. Owen*, 580 A.2d 412 (Pa. Super. 1990). It is not necessary that the Commonwealth prove each element beyond a reasonable doubt. *Comm. v. Prosdocimo*, 479 A.2d 1073 (Pa. Super. 1994). The Commonwealth need only meet the evidentiary standard of showing "sufficient probable cause" that the defendant committed the offense. *Id.* A prima facie case is established when the Commonwealth submits evidence that, if true, would warrant the trial judge to permit the case to go to a jury. *Comm. v. Marti*, 779 A.2d 1177 (Pa. Super. 2001). Weight or credibility of the evidence presented is not at issue at a preliminary hearing. *Id.* The Commonwealth need only to present evidence concerning each element of the crime charged, and the Commonwealth is entitled to all reasonable inferences that can be drawn from the evidence presented. *Id.*

As stated above, the defendant is charged with two counts of receiving stolen property pursuant to 18 Pa.C.S.A. § 3925(a). "A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a). "[T]he word 'receiving' means acquiring possession, control or title, or lending on the security of the property." *Id.* at § 3925(b). In order to sustain a charge of receiving stolen property, the Commonwealth must show "that the property was stolen, that [the defendant] was in receipt, possession or control of it, and that [the defendant] had 'guilty knowledge,' that is, that he knew or had reason to know that the property was stolen." *Comm. v. Grekis*, 601

A.2d 1275, 1280 (Pa. Super. 1992).

For the case numbered 1117 of 2012, the defendant argues in the petition that the Commonwealth has failed to present any evidence establishing that the defendant intentionally received, retained or disposed or movable property that belonged to Mr. Edward Reighert, with no intent to restore it to the owner and that the defendant received property that he knew or should have known was stolen. As stated above, in order to establish the offense of receiving stolen property, the Commonwealth must prove that "(1) the goods are stolen; (2) the defendant received such goods; (3) the defendant knew them to be stolen or had reasonable cause to know that they were stolen." *Comm. v. Gore*, 406 A.2d 1112, 1114 (Pa. Super. 1979).

Initially, via the parties' stipulation, the Commonwealth is able to satisfy the first element: the goods were stolen. As stated above, the parties stipulated to this fact at the defendant's preliminary hearing. In order to prove that the defendant received the stolen goods, the Commonwealth must prove that the defendant "exercised conscious control or dominion over the stolen property." *Comm. v. Brady*, 560 A.2d 802, 806 (Pa. Super. 1989). Here, the Commonwealth presented evidence that the defendant and another individual possessed the ATV on September 15, 2012. Although the defendant actually possessed the ATV with another individual, the court will make the inference that both individuals had equal possession of the ATV; however, the Commonwealth is unable to satisfy the third element of the crime of receiving stolen property.

The record is devoid of any evidence to support an inference that the defendant was aware the ATV was actually stolen or the he should have known it was stolen.

"[M]ere possession of stolen property is insufficient to prove guilty knowledge, and the Commonwealth must introduce other evidence ... that demonstrates that the defendant knew or had reason to believe that the property was stolen." *Comm. v. Foreman*, 797 A.2d 1005, 1012 (Pa. Super. 2002). The Commonwealth has not presented additional circumstantial evidence to support the defendant had guilty knowledge. The ATV did not contain a broken lock, or any other evidence to suggest that it was unlawfully removed from the possession of its legal owner. Although the Commonwealth presented evidence that the ATV contained damage to its body, such damage is not sufficiently indicative of stolen property. Because the Commonwealth has presented no evidence that the defendant knew or should have known the ATV was stolen, it has not sustained its burden of proving a prima facie case for the charge of receiving stolen property. The charge of Receiving Stolen Property pursuant to 18 Pa.C.S.A. § 3925(a) as contained in the Information filed at case number 1117 of 2012 is dismissed, and the defendant's petition is granted with respect to this case.

For the case numbered 1256 of 2012, the defendant argues in the petition that the Commonwealth has failed to present any evidence establishing that the defendant intentionally received, retained, or disposed of movable property of another; that the defendant knew or should have known that the fire pit which was located in the back yard of his parents residence was or probably had been stolen; and that the defendant continued to exercise control over the subject property without the intent of restoring the property to the owner. As stated above, in order to establish the offense of receiving stolen property, the Commonwealth must prove that "(1) the goods are

stolen; (2) the defendant received such goods; (3) the defendant knew them to be stolen or had reasonable cause to know that they were stolen." *Gore*, 406 A.2d at 1114.

Here, the property is clearly stolen. Macri informed Officer Dolquist that his fire pit was missing from his property and found destroyed in the yard of 225 S. Ashland Avenue. As a result, the Commonwealth is able to satisfy the first element of receiving stolen property. However, the Commonwealth has not presented any evidence to support that the defendant received or possessed the property or that the defendant knew the property was stolen. The Commonwealth has only established that the defendant was one of the individuals residing at a location on which pieces of the fire pit were found. The Commonwealth has not presented any evidence to support an inference that the defendant was the individual who caused the fire pit to be located on the property or that he was the individual who destroyed it. Although people were seen having a bonfire at the defendant's house, the Commonwealth has not presented any testimony to suggest that the defendant was even present during that time. Similarly, the record is devoid of any evidence to support that the defendant knew the property was stolen. The proximity of the remainder of the fire pit on the defendant's property does not support a finding that he knew it to be stolen or should have known it was stolen. *See Foreman, supra.* As a result, the Commonwealth has not sustained its burden of proving a prima facie case for the charge of receiving stolen property. The charge of receiving stolen property pursuant to 18 Pa.C.S.A. §3925(a) as contained in the Information filed at case number 1256 of 2012 is dismissed, and the defendant's petition is granted with respect to this case.

## ORDER OF COURT

And now, this 2nd day of October, 2013, these cases being before the court on June 28, 2013 for a hearing on defendant's petition for writ of habeas corpus, with Assistant District Attorney William J. Flannery, Esquire, appearing and representing the Commonwealth; and with Dennis A. Elisco, Esquire, appearing and representing the defendant; and after a complete and thorough review of the record, it is hereby ordered and decreed as follows:

1. Defendant's petition for writ of habeas corpus is hereby granted pursuant to the attached opinion.

2. The charge of receiving stolen property as contained in the Information at case number 1117 of 2012 is hereby dismissed.

3. The charge of receiving stolen property as contained in the information at case number 1256 of 2012 is hereby dismissed.

4. The clerk of courts shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.