COMMONWEALTH of Pennsylvania,
Appellee,

v.

Adalberto PEREA, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 17, 2001.

Filed Jan. 31, 2002.

John Packel, Chief Public Defender, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Commonwealth, appellee.

Before HUDOCK, ORIE MELVIN and BECK, JJ.

BECK, J.

¶ 1 The sole issue before us in this direct appeal is whether the trial court erred in denying a motion to suppress physical evidence seized by the police, without a warrant, from a parked motor vehicle.

¶ 2 Appellant Adalberto Perea was found guilty in a bench trial of possession with intent to deliver a controlled substance, and received a sentence of two to four years imprisonment, with boot camp eligibility. He argues that in the absence of exigent circumstances, the search of the car violated Article I, § 8 of the Pennsylvania Constitution. *Commonwealth v. White*, 543 Pa. 45, 669 A.2d 896 (1995). We disagree, and affirm judgment of sentence.

¶ 3 The facts of the case are uncontested. On October 6, 1998, in Philadelphia, police officer Joseph McCook conducted a surveillance in the 3000 block of Swanson Street, an area known for high crime and drug activity. On that afternoon, McCook observed appellant engage in drug transactions, in which he received cash from a customer, and then walked to a parked van on a side street. Appellant removed small packages from the front bumper of the van and handed them to the customer, who then drove away without being stopped. A second customer, subsequently identified as Joseph Baer, drove up and gave appellant some cash. He, too, received some objects from the bumper of the van. When Baer drove away, he was stopped by police and placed under arrest. A bag of heroin, stamped "diabolic," was found on his person.

¶ 4 After making the two sales, appellant then approached a blue Toyota Tercel parked on the street. McCook observed him take a white bag from the front seat, remove some small objects, and replace the bag in the Toyota. Appellant transferred the small objects to the bumper of

the van. Appellant then concluded a third transaction with a customer. Another officer, Brent Miles, then placed appellant under arrest. He handcuffed appellant and patted him down. Officer Miles found the keys to the Toyota on appellant's person. Miles then approached the vehicle. He testified that he saw, in plain view, the white bag from which appellant had been removing small objects. He used the keys to unlock the car, and recovered the bag, which was found to contain four bundles of twelve glassine packets stamped "diabolic." Twenty-eight pills labeled Prozac were also found. More drugs were taken from the bumper of the van. It was determined that the Toyota had no registered owner and had not been reported stolen. Two of the tires were flat; it had no license plate; and the inspection sticker was expired. N.T., 10/6/1999, at 3–24.

■ ¶ 5 Appellant does not deny the narcotics transactions. However, he moved for suppression of the drugs discovered in the car after the warrantless search of the Toyota and the bag found inside the car. He asserts that suppression is required because he had a privacy right in the car, and also a privacy right in the white bag taken from the seat of the car. While he concedes there was probable cause to search the car, he insists that in the absence of exigent circumstances, as required by *Commonwealth v. White, supra*, it was necessary for the police to obtain a search warrant. The trial court denied appellant's motion to suppress. This appeal, in which appellants asks for a new trial, followed.

■ ¶ 6 In reviewing a trial court's denial of a motion to suppress, this Court determines whether the record supports the factual findings of the trial court and whether the court's rulings are free from legal error. *Commonwealth v. Petroll*, 558

Pa. 565, 738 A.2d 993 (1999). We begin by noting that appellant does not ask for suppression of the contraband found on Baer, the drugs found on the bumper of the van, or the eighty dollars in cash found on his person. His suppression motion relates only to the Toyota and the white bag therein. We also take note that appellant concedes that the Toyota could not be operated, and that he had no proof of ownership.

██ ¶ 7 There is no question that under Pennsylvania law, a defendant charged with a possessory offense has standing to challenge a search. However, in order to prevail, the defendant, as a preliminary matter, must show that he had a privacy interest in the area searched. *Commonwealth v. Sell*, 504 Pa. 46, 470 A.2d 457, 469 (1983). The *Sell* Court ruled that "personal possessions remain constitutionally protected ... until their owner meaningfully abdicates his control, ownership or possessory interest therein." The privacy interest must be "actual, societally sanctioned as reasonable, and justifiable." *Commonwealth v. Black*, 758 A.2d 1253, 1257 (Pa.Super.2000). The burden is on the defendant seeking suppression to establish a legitimate expectation of privacy as an essential element of his case. *Commonwealth v. Hawkins*, 553 Pa. 76, 718 A.2d 265 (1998).

¶ 8 Instantly, appellant has not established a privacy interest in the abandoned vehicle. He rests his claim to a privacy interest solely on his possession of keys to unlock the car, for he had no paperwork to show ownership or any other legitimate connection to the Toyota. *Commonwealth v. Rodriguez*, 422 Pa.Super. 44, 618 A.2d 1007 (1993) informs us that possession of a key does not establish constructive ownership. He cites no case that would support a privacy interest under these circumstances. We did find that *Commonwealth*

*v. Peterson*, 535 Pa. 492, 636 A.2d 615 (1993) supports our conclusion that appellant had no privacy interest in the Toyota. In *Peterson* the Court ruled that a warrantless search of a barricaded gate house, unfit for habitation, did not infringe a privacy interest of the defendant where he did not own the house but occupied it on a temporary basis for illegal business. Appellant's argument depends upon a proper showing of a privacy interest in the Toyota. Failure to show such an interest makes his argument that the police needed a warrant to search the car without merit.

██ ¶ 9 Appellant attempts to support his argument by trying to demonstrate that the Toyota was not "abandoned" by the terms of the Motor Vehicle Code, 75 Pa.C.S.A. § 102. The definition in that section applies to property rights of parties where a salvor takes possession of a vehicle to be sold at public auction. For purposes of search and seizure under the Pennsylvania constitution, the definition of abandonment under the statute is not relevant. In any event, appellant did not establish that he owned the Toyota in the past, and had not abandoned it. He does not claim that a former owner gave him the key. Possession of a key does not establish constructive ownership. *See Commonwealth v. Rodriguez, supra.* His claim is meritless.

██ ¶ 10 Appellant's claim to a privacy interest in the bag containing the supply of drugs is waived, for it was not litigated before the trial court and is raised for the first time on appeal. *Commonwealth v. Burkholder*, 528 Pa. 119, 595 A.2d 59 (1991). Even if not waived, appellant demonstrates no privacy interest in the bag that society would recognize as reasonable. The police found the bag in an inoperable car that had flat tires, no license plate, no valid registration sticker, and no registered owner. *See In the In-*

*terest of J.J.*, 447 Pa.Super. 259, 668 A.2d 1176, 1180 (1995) (an appellant who placed a bag of drugs inside the storm door of a residence but was unable to show that he owned the residence failed to establish a legitimate privacy interest). We find that this issue, too, is meritless.

¶ 11 Finding no merit in appellant's claim that the trial court erred by failing to suppress the evidence in issue, we affirm judgment of sentence.

¶ 12 Judgment of sentence affirmed.

¶ 13 ORIE MELVIN, J. Concurs in the Result.