# Commonwealth v. Sandone

C.P. of Delaware County, no. 40-04.

*Michelle Hutton,* for Commonwealth/appellant.
*Jonathan Stanwood,* for appellee.

KOUDELIS, *J.,* September 7, 2005—

## NATURE AND HISTORY OF THE CASE

This is an interlocutory appeal from this court's granting of defendant's (appellee's) motion to suppress. The relevant procedural history of the case is as follows.

Appellee filed a motion to suppress challenging the arrest and sought to suppress any search or evidence seized therefrom. Following the hearing on the motion to suppress, which was held on April 14, 2004, this court issued an order on April 15, 2005, granting appellee's omnibus pre-trial motion to suppress.

Appellant filed an appeal of this court's order, which suppressed the evidence pursuant to Pa.R.A.P. 311(d) and 42 Pa.C.S. §742 since the order granting suppression will terminate or substantially handicap the prosecution. This court issued an order for appellant to file a concise statement of matters complained of on appeal within 14 days of the order. The sole issue raised on appeal is:

"Whether the trial court erred in granting a motion for suppression where the police officer had probable cause to arrest the defendant for driving under the influence of a controlled substance following an accident, observations by police officers and an admission by the defendant"?

## FACTS

On October 13, 2003, Officer Michael Ruggieri of the Aston Police Department responded to a call at 103 Greenbriar Place. Officer Ruggieri had received information that there was a disabled vehicle in the middle of the roadway with front-end damage. Upon arriving at

the location, Officer Ruggieri found that appellee's vehicle had struck a UPS truck and was now disabled in the middle of the roadway. The driver of the UPS truck informed the officers that he was parked legally in front of 103 Greenbriar when he was struck from behind by appellee's vehicle.

Upon arriving on the scene, Officer Ruggieri met with Officer Robert Jones, who had initially responded to the accident call. Officer Jones informed Officer Ruggieri that he had concerns that appellee was intoxicated.

Officer Ruggieri approached appellee to obtain information and ascertain what had occurred. The officer testified that when he arrived, appellee was out of her vehicle and was upset. According to the officer's testimony, appellee informed him that she had turned around in the cul-de-sac and attempted to drive on Greenbriar when she struck the UPS truck. The officer testified that her speech was slow and slurred, that she did not have good balance and swayed while talking with him. Further, the officer testified that she appeared to be drowsy and her movements were lethargic. Officer Ruggieri also testified that her pupils were constricted. Based on his observations, Officer Ruggieri believed that appellee was intoxicated; however, he did not smell alcohol on her person or on her breath. He asked her if she had taken any medication and appellee informed the officer that she had taken Percocet at 9 a.m. When asked to submit to field sobriety tests, appellee refused.

Officer Ruggieri testified that he then placed her under arrest for driving under the influence of a controlled substance because in his opinion she swerved into the

rear of the UPS truck when there was a clear unobstructed pathway. After placing appellee under arrest, Officer Ruggieri transported her to Riddle Hospital to have her blood drawn. While en route to the hospital appellee fell asleep. At the hospital Officer Ruggieri had a discussion with appellee, during which she informed the officer that the only drugs they would find in her system were the ones prescribed by the doctor.

During the suppression hearing, Officer Ruggieri testified that he was on scene for approximately 10 to 15 minutes and of those 10 to 15 minutes he testified he observed appellee's pupils for approximately five minutes. While Officer Ruggieri testified appellee's pupils did not constrict during his observations, he also testified that he did not perform any specific tests to see whether or not they would adjust to changes in the light. Further, Officer Ruggieri testified that, while he had arrested 75 people who were under the influence of alcohol or a controlled substance, he also testified that he could not specifically recall the number of persons he had arrested or observed under the influence of oxycodone, or Percocet. (N.T. pp. 91-92.)

Based upon the testimony of Officer Ruggieri, the suppression court determined that the evidence presented was equally consistent with other aspects of the case. The suppression court determined that appellee's actions could be related to having just been involved in an accident, having a child in the car and that swaying, in and of itself, was not indicative of anything. Therefore, the court found that the evidence presented was not sufficient to rise to the level of probable cause.

## DISCUSSION

Appellant's only issue on appeal is whether the trial court erred in granting a motion for suppression where the police officer had probable cause to arrest the defendant for driving under the influence of a controlled substance following an accident, observations by police officers and an admission by the defendant?

When the Commonwealth appeals from a suppression order, the apellate court follows a clearly defined standard of review and considers only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. *Commonwealth v. Chernosky,* 2005 Pa. Super. (Pa. Super. filed April 27, 2005) (en banc). The suppression court's findings of fact bind the Superior Court if the record supports those findings. *Id.* The suppression court's conclusions of law, however, are not binding on the court, whose duty is to determine if the suppression court properly applied the law to the facts. *Id.*

A defendant seeking suppression of seized evidence has the initial burden of establishing standing and a legitimate expectation of privacy in the area searched or the items seized. *Commonwealth v. Hawkins,* 553 Pa. 76, 80-81, 718 A.2d 265, 267 (1998); *Commonwealth v. Black,* 758 A.2d 1253, 1257 (Pa. Super. 2000). An accused may demonstrate standing by presenting evidence of any one of the following four elements: (1) his presence on the premises at the time of the search and seizure; (2) a possessory interest in the evidence seized; (3)

that the offense charged includes possession as an essential element; or (4) a proprietary or possessory interest in the searched premises. *Id.* It is also incumbent upon the defendant to demonstrate a subjective expectation of privacy in the premises on the date of the search. *Commonwealth v. Torres,* 564 Pa. 86, 105-106, 764 A.2d 532, 543 (2001); *Commonwealth v. Perea,* 791 A.2d 427, 429 (Pa. Super. 2002).

Appellee was arrested and charged with driving while under the influence of a controlled substance, namely Percocet, to a degree that rendered her incapable of safe driving. 75 Pa.C.S. §3731(a)(2). To prove a violation of this section, the Commonwealth must show: (1) that appellee drove, operated or was in actual physical control of the movement of her motor vehicle, (2) while she was under the influence of a controlled substance to such a degree as to render her incapable of safe driving. *Commonwealth v. Dunne,* 456 Pa. Super. 523, 532, 690 A.2d 1233, 1237 (1997). For the second element to be established, it must be shown that the controlled substance has substantially impaired the normal mental and physical faculties required to safely operate a vehicle. *Commonwealth v. Palmer,* 751 A.2d 223, 228 (Pa. Super. 2000). In this context, substantial impairment means "a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions" and does not refer merely to extreme conditions of disability. *Commonwealth v. Montini,* 712 A.2d 761, 768 (Pa. Super. 1998).

Under the Pennsylvania Rules of Evidence 701, a police officer may give his/her opinion as to a suspect's alcohol-induced intoxication and the suspect's ability to

drive safely when the officer has observed the suspect's appearance and acts. Opinion testimony of drug-induced intoxication will not be distinguished from opinion testimony of alcohol-induced intoxication where the witness is personally familiar with the effects of narcotics. *Commonwealth v. Davies,* 811 A.2d 600, 603 (Pa. Super. 2002).

Upon arriving at the scene, Officer Ruggieri testified that appellee was visibly upset. He also testified that her speech was slow and slurred, she did not have good balance and swayed while talking with him, and she appeared drowsy and her movements were lethargic. Officer Ruggieri also testified that appellee's pupils were constricted. Based on his observations, Officer Ruggieri believed that appellee was intoxicated; however, he did not smell alcohol on her person or on her breath. He asked her if she had taken any medication and appellee informed the officer that she had taken a Percocet at 9 a.m., as prescribed by her physician. When asked to submit to field sobriety tests, appellee refused.

Although Officer Ruggieri testified that appellee's pupils were constricted for the brief five-minute period he observed them, he failed to perform any specific tests to see whether or not they would adjust to changes in the light. By failing to perform such tests on a bright sunny day such as the day in question, the conclusion that Officer Ruggieri came to, that her eyes were constricted due to her being under the influence, was unfounded. Ruggieri's experience with making drug-induced arrests was, by his own testimony, very limited and in regards to Percocet arrests, the officer could not recollect ever making one. Therefore appellant did not and could not

have laid the proper foundation for Officer Ruggieri's opinion to have merit. Without further testing, Ruggieri had no basis for such opinion and conclusion.

The other factors upon which Officer Ruggieri based his opinion and arrest of appellee are equally consistent with that of a person who had just been involved in an accident, especially one where an infant child is in the back seat. Being that appellee was extremely upset, her actions could easily be seen as consistent with her state of mind. Furthermore, swaying in and of itself is not indicative of anything.

Because of Officer Ruggieri's inexperience in making drug-induced arrests, he should have performed further testing to corroborate his opinion that appellee was under the influence of a controlled substance before arresting her. Where a case is as questionable as this, Officer Ruggieri should have, at the very least, conducted some elementary testing on appellee's eyes and engaged in further conversation with appellee before concluding she was under the influence and ultimately arresting her.

Therefore, the court found that evidence presented was not sufficient to rise to the level of probable cause. Because the evidence does not amount to probable cause, any and all evidence seized after the arrest must be suppressed as fruits.

## CONCLUSION

For all of the foregoing reasons, this court did not err in granting the motion to suppress and therefore the suppression court should be affirmed.