PICCIONE, J.,
Before the court for disposition is the omnibus pretrial motion (hereinafter, the “motion”) filed onbehalf ofthe defendant, Duane Germaine Evans (hereinafter, the “defendant”). Pursuant to the information filed on November 26, 2014, the defendant is charged with fleeing or attempting to elude pursuant to 75 Pa. C.S.A., § 3733(a), flight to avoid apprehension pursuant to 18 Pa. C.S.A. § 5126(a), reckless driving pursuant to 75 Pa. C.S.A. § 3736(a), careless driving pursuant to 75 Pa. C.S.A. § 3714(a), possession of a controlled substance pursuant to 35 P.S. § 780-116(a)(16), possession with the intent to deliver a controlled substance pursuant to 35 P.S. § 780-116(a)(30), and possession of drug paraphernalia *392 pursuant to 35 P.S. § 780-116(a)(32).
The above-listed charges arise from events alleged to have occurred on June 18, 2014. On that date, at approximately midnight, officer Ronald Piche (hereinafter, “Officer Piche”) of the City of New Castle Police Department was on duty and traveling in a marked police cruiser on McClelland Avenue toward Booker Drive in the City of New Castle, Lawrence County, Pennsylvania. As he was approaching Booker Drive, Officer Piche observed a silver Chevrolet Malibu as it made a left turn onto McClelland Avenue from Booker Drive. Officer Piche’s cruiser was facing the front of the silver Chevrolet Malibu, approximately five to ten feet away, and he observed the defendant operating the vehicle. Officer Piche recalled that it was a clear evening, without precipitation, and he did not see any other individual in the vehicle at that time. Officer Piche recognized the defendant driving the vehicle because approximately two days prior, narcotics detective Richard Ryhal had advised Officer Piche that the District Attorney’s Office of Lawrence County had issued an arrest warrant for the defendant for felony drug related charges and that the defendant had been advised of the charges and failed to turn himself in. As a result, upon observing the defendant, Officer Piche turned his vehicle around and activated the emergency lights and sirens on the police cruiser. The defendant continued onto McClelland Avenue toward West State Street. The defendant came to a stop sign, stopped, and made a left turn onto West State Street and accelerated the vehicle to a high rate of speed. Officer Piche continued to pursue the defendant and notified the dispatch center of the situation.
*393 The defendant eventually stopped the vehicle on West North Street, and three individuals exited the vehicle and ran in the direction of the Westview Terrace apartment complex. Officer Piche believed that the defendant was among the three who ran, so he exited the cruiser and began to chase the individuals. Officer Piche then saw that the defendant remained inside the vehicle. While Officer Piche was outside the cruiser, the defendant drove away at a high rate of speed. Officer Piche had already identified the defendant so he did not chase him any further.
The defendant was eventually apprehended. The vehicle was located one to two days after the above-described incident and was towed to the vehicle garage at the New Castle police station. Officer Piche learned that the vehicle was a rental vehicle, which was not rented by the defendant. An inventory search was performed on the vehicle, and the defendant’s Pennsylvania photo identification card was located. Officer Piche learned from the dispatch center that the defendant’s driver’s license was under suspension for a DUI related offense. Approximately thirty minutes after Officer Piche first observed the defendant, Ms. Margo Jackson reported that the Chevrolet Malibu that she rented was stolen. Officer Piche called Ms. Jackson, who informed Officer Piche that she and the defendant are friends.
The following day, an individual from the rental company, enterprise, arrived at the police station to pick up the vehicle. Prior to releasing the vehicle, Officer Branddon Hallowich (hereinafter, “Officer Hallowich”), also of the City of New Castle Police Department, conducted a search of the vehicle. The search produced *394 a clear plastic baggie, which was above the driver’s seat visor in the headliner. Corporal Fred Buswell conducted a NIK test on the substance inside the plastic baggie, which tested positive for the presence of cocaine. The crack cocaine was subsequently weighed to be 0.7 grams. Additionally, the police were only able to apprehend two of the three other occupants of the vehicle. One occupant of the vehicle was a juvenile. When he was apprehended, approximately one thousand dollars was located on his person.
As a result of these events, the defendant was charged with the above-listed offenses. On October 1, 2014, the defendant’s preliminary hearing was held before Magisterial District Judge Melissa A. Amodie, the testimony of which is set forth above. The defendant filed the instant motion on November 20,2014, and on January 7, 2015, the court held a hearing on the omnibus pretrial motion. In the motion to suppress evidence, the defendant argues that his constitutional right to privacy was violated when the vehicle was seized and searched without a warrant and all evidence obtained as a result of the search should be suppressed. In the petition for writ of habeas corpus, the defendant argues that the Commonwealth has failed its burden to produce the requisite evidence to establish a prima facie case for the charges against the defendant and requests this court dismiss all charges as a result. The court will address each matter seriatim.
I. Motion to Suppress Evidence
Where a motion to suppress has been filed, the burden is on the Commonwealth to establish by a preponderance *395 of the evidence that the challenged evidence is admissible. Comm. v. Lindblom, 854 A.2d 604, 605 (Pa. Super. 2004). At the conclusion of the hearing, the suppression court judge shall enter findings of fact and conclusions of law as to whether the evidence was lawfully obtained. Pennsylvania Rules of Criminal Procedure Rule 581(1). “It is within the suppression court’s sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony.” Comm. v. Elmobdy, 823 A.2d 180, 183 (Pa. Super. 2003). The suppression court judge is entitled to believe all, part, or none of the evidence presented. Comm. v. Snell, 811 A.2d 581, 584 (Pa. Super. 2002). “When faced with conflicting testimony, a suppression court, as factfinder, may pass upon credibility, and these findings will not be disturbed when supported by the record.” Comm. v. Fahy, 516 A.2d 689, 696 (Pa. 1986).
Preliminarily, the defendant must first establish his standing and the expectation of privacy within the vehicle in order to challenge the search. Comm. v. Perea, 791 A.2d 427, 429 (Pa. Super. 2002). In order to establish that he had standing, a defendant must establish one of the following:
(1) his presence on the premises at the time of the search and seizure; (2) a possessor interest in the evidence improperly seized; (3) that the offense charged includes as an essential element of the prosecution’s case, the element of possession at the time of the contested search and seizure; or (4) a proprietary or possessory interest in the search premises.
Comm. v. Hawkins, 718 A.2d 265, 267 (Pa. 1998) (internal *396 brackets and citations omitted). As the Supreme Court of Pennsylvania explained, “This court has accorded standing automatically, with no preliminary showing of a proprietary or possessory interest by the defendant, in the third of these circumstances, namely, where possession at the time of the contested search and seizure is an essential element of the prosecution’s case.” Id. Here, the defendant has been charged with the possession of a controlled substance. An essential element of this charge undoubtedly includes the possession of the contraband, thereby establishing standing under the third circumstance.
Next, a defendant must also establish that he had a reasonable expectation of privacy in the area that was searched.
An expectation of privacy is present when the individual, by his conduct, exhibits an actual (subjective) expectation of privacy and that the subjective expectation is one that society is prepared to recognize as reasonable. The constitutional legitimacy of an expectation of privacy is not dependent on the subjective intent of the individual asserting the right but on the whether the expectation is reasonable in light of all the surrounding circumstances. Pennsylvania law makes clear that there is legally no cognizable expectation of privacy in a stolen automobile.
Comm. v. Jones, 874 A.2d 108, 118 (Pa. Super. 2005). It is the defendant’s burden to establish a legitimate expectation of privacy in the area to be searched. Hawkins, 718 A.2d at 267. The courts of this Commonwealth have held that a defendant does not have a reasonable expectation of *397 privacy in abandoned property. See Comm. v. Perea, 791 A.2d 427 (Pa. Super. 2002). In Perea, the police found an inoperable vehicle with flat tires, no license plate, no valid registration sticker, and no registered owner. The defendant attempted to argue that he had a reasonable expectation of privacy in the vehicle because he had the keys to it. Id. at 429. The Superior Court refused to find that he had a reasonable expectation of privacy while noting that the defendant failed to produce any paperwork to show ownership or any other legitimate connection to the vehicle. Id.
Additionally, courts have refused to extend a right to privacy under some circumstances which involve rental cars. For example, in Jones, the defendant was operating a rental vehicle for which he was not an authorized driver and the rental agreement had expired, Id. After the defendant was stopped by the police for an investigatory detention, the police learned that the vehicle had been rented by another individual, the defendant was not an authorized person to drive the vehicle, and the rental agreement had expired. Id. The police contacted the rental company, which instructed the police to impound the vehicle and consented to a search. The police then conducted a warrantless search on the vehicle and the police could not locate the rental agreement inside the vehicle. Id. The search produced evidence of contraband, and the defendant was charged with possession with the intent to deliver contraband. Id. In a motion to suppress, the defendant attempted to challenge the constitutionality of the warrantless vehicle search. Id. The Superior Court refused to extend an expectation to privacy under those *398 circumstances. Id. at 120. The court noted that neither the defendant nor his passengers attempted to explain their connection to the authorized individual and the individuals gave inconsistent statements about the reason for their trip. Id. The court concluded that the trial court properly denied the motion to suppress because the defendant could not claim that he had a reasonable expectation of privacy. Id.
Instantly, the defendant was operating a rental car, which was reported to be stolen. The defendant was not an authorized driver under the rental agreement, and the car was ultimately found abandoned. The only way that the defendant attempted to explain the relationship to the renter of the vehicle was to say that he was her friend. Although the friend, Ms. Margo Jackson, confirmed that she and the defendant were friends, she did not confirm that she authorized the defendant to drive the vehicle. As stated above, it is the defendant’s burden to establish that he had a legitimate expectation of privacy in the vehicle. Considering these facts, the court finds that the defendant has failed to prove he had a legitimate expectation of privacy in the rental vehicle, which renders him unable to contest the search. As a result, the defendant’s motion to suppress is hereby denied.
II. Petition for Writ of Habeas Corpus
Also contained within the omnibus pretrial motion is the petition for writ of habeas corpus (hereinafter, the “petition”). As stated above, the defendant is charged with fleeing or attempting to elude pursuant to 75 Pa.C.S.A. § 3733(a), flight to avoid apprehension pursuant to 18 Pa.C.S.A. § 5126(a), reckless driving pursuant to 75 *399 Pa.C.S.A. § 3736(a), careless driving pursuant to 75 Pa.C.S.A. § 3714(a), possession of a controlled substance pursuant to 35 P.S. § 780-116(a)( 16), possession with the intent to deliver a controlled substance pursuant to 35 P.S. § 780-116(a)(30), and possession of drug paraphernalia pursuant to 35 P.S. § 780-116(a)(32). In this petition, the defendant argues that the Commonwealth failed to present sufficient evidence to establish a prima facie case of each of the crimes with which he was charged. As a result, the defendant requests all charges against him be be dismissed.
Filing a petition for writ of habeas corpus is the recognized method for challenging a finding that the Commonwealth has established a prima facie case at the preliminary hearing stage. Comm. v. Karlson, 674 A.2d 249 (Pa. Super. 1996). See also Comm. v. McBride, 595 A.2d 589 (Pa. 1995); Comm. v. Carmody, 799 A.2d 143 (Pa. Super. 2002). On review, the trial court must find that the Commonwealth presented sufficient evidence to make a prima facie showing that the defendant committed the crime with which he or she is charged. Comm. v. Hock, 728 A.2d 943 (Pa. 1999).
In order to establish a prima facie showing, the Commonwealth must present evidence establishing that the crime charged was committed and that there is a probability that the defendant committed the charged crime. Comm. v. Fox, 619 A.2d 327 (Pa. Super. 1993). To prove these two things, the Commonwealth must offer some proof to establish each material element of the offense charged. Comm. v. Owen, 580 A.2d 412 (Pa. Super. 1990). It is not necessary that the Commonwealth prove each element beyond a reasonable doubt. Comm. *400 v. Prosdocimo, 479 A.2d 1073 (Pa. Super. 1994). The Commonwealth need only meet the evidentiary standard of showing “sufficient probable cause” that the defendant committed the offense. Id. Aprima facie case is established when the Commonwealth submits evidence that, if true, would warrant the trial judge to permit the case to go to a jury. Commonwealth v. Marti, 779 A.2d 1177 (Pa. Super. 2001). Weight or credibility of the evidence presented is not at issue at a preliminary hearing. Id. The Commonwealth needs only present evidence concerning each element of the crime charged, and the Commonwealth is entitled to all reasonable inferences that can be drawn from the evidence presented. Id. The Commonwealth may prove its case entirely by circumstantial evidence; however, the evidence must not be pure conjecture. Comm. v. Stores, 463 A.2d 1108, 1112 (Pa. Super. 1983).
The defendant is charged with fleeing or attempting to elude police officers (hereinafter, “fleeing or eluding”) pursuant to 75 Pa.C.S.A. § 3733. Fleeing or eluding is defined as, “Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop[.]” 75 Pa.C.S.A. § 3733(a). An individual acts “willfully” if he acts knowingly. 18 Pa.C.S.A. § 302(g). “A person acts knowingly with respect to a material element of an offense when: (i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of the nature or that such circumstances exist[.]” 18 Pa.C.S.A. § 302(b)(2)(i).
In the instant case, the Commonwealth presented *401 evidence that Officer Piche observed the defendant’s operating the vehicle; and Officer Piche immediately turned his vehicle around, followed the defendant’s vehicle, and activated the emergency lights. First, the defendant appropriately stopped at a stop sign. However, immediately thereafter, while Officer Piche was following him in a marked police car with its lights and sirens activated, the defendant accelerated the vehicle at a high rate of speed. This action on its own can be reasonably inferred to be willful. The court need not rely only on this action because, although the defendant did eventually stop the vehicle, as soon as Officer Piche exited the police cruiser, the defendant again accelerated the vehicle and did, in fact, elude Officer Piche. The defendant’s actions can only be described to be willful. There is no reasonable inference the court can consider to explain the defendant’s behavior, except that he was fleeing and eluding the police. There is no explanation for why he would be unable to recognize the emergency lights flashing behind him. The defendant clearly has the ability to see, since he was driving the vehicle. Therefore, the Commonwealth presented sufficient evidence of a prima facie case of fleeing and eluding, and the defendant’s petition with regard to this charge is denied.
Next, the defendant is charged with flight to avoid apprehension pursuant to 18 Pa.C.S.A. § 5126(a). “A person who willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid apprehension, trial or punishment commits a felony of the third degree when the crime which he has been charged with or has been convicted of is a felony *402 and commits a misdemeanor of the second degree when the crime which he has been charged with or has been convicted of is a misdemeanor.” Id. “[T]he plain language of the statue requires that the defendant intend to avoid apprehension, trial or punishment.” Comm. v. Steffy, 36 A.3d 1109, 1112 (Pa. Super. 2012).
As stated above, the Commonwealth sufficiently established that the defendant intended to avoid apprehension by eluding the police. At the time the defendant was fleeing from the police, Officer Piche was aware that the defendant had an active felony arrest warrant issued for him. Officer Piche also testified that the defendant was aware of the arrest warrant because he was informed of it and ordered to turn himself in. The evidence before the court reflects that the defendant was fleeing from the police to avoid apprehension for pending charges filed against him. Despite this evidence, the defendant argues that the Commonwealth failed to present sufficient evidence that the defendant was the individual who committed the crime because there is no evidence that the defendant was the individual who was operating the vehicle. The court disagrees. Officer Piche testified unequivocally that he observed the defendant in the driver ⅛ seat of the vehicle. For purposes of the instant petition, this evidence is sufficient to establish that the defendant committed the crime. As a result, the Commonwealth presented sufficient evidence of a prima facie case of flight to avoid apprehension, and the defendant’s petition with regard to this charge is denied.
Next, the defendant is charged with reckless driving pursuant to 75 Pa.C.S.A. § 3736(a). “Any person who *403 drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.” Id. “A person acts recklessly ... when he consciously disregards a substantial and unjustifiable risk” of harm to persons or property. 18 Pa.C.S.A. § 302(b)(3). “[Tjhere must be ... tangible indicia of unsafe driving to a degree that creates a substantial risk of injury that is consciously disregarded.” Comm. v. Jeter, 937 A.2d 466, 468 (Pa. Super. 2007). The mens rae necessary to establish reckless driving is demonstrated by the defendant’s considering a high probability of harm and then “callously” disregarding the risk. Comm. v. Bullick, 830 A.2d 998, 1003 (Pa. Super. 2003).
Here, Officer Piche testified that the defendant accelerated his vehicle twice and failed to stop at “the rest of’ the stop signs. Officer Piche did not explain how many stop signs the defendant failed to obey. The Commonwealth presented no testimony that the defendant would have been conscious of any known risk. This incident occurred at midnight, a time during which there are fewer vehicles on the road; and there was no evidence presented that other vehicles were indeed on the road. Also, Officer Piche did not testify to whether he was in harm’s way when he exited the cruiser when the defendant accelerated his vehicle.
The Superior Court in Comm. v. Greenberg, 885 A.2d 1025 (Pa. Super. 2005), refused to find that the defendant had the requisite mens rae to sustain the charge of reckless driving. In Greenberg, the defendant was driving his vehicle at 55 miles-per-hour on a four lane highway with a posted speed limit of 35 miles-per-hour. Id. While *404 proceeding through a sharp curve, the defendant lost control of his vehicle and the vehicle spun and collided with another vehicle, which was traveling in the opposite direction. Id. In finding the evidence to be insufficient to establish the offense of reckless driving, the Superior Court stated that “there is no evidence [the defendant] had any difficulty negotiating the road or came close to colliding with other vehicles prior to encountering the curve that caused him to lose control.” Id. at 1029. The court explained, “[RJeckless driving requires driving that not only grossly deviates from ordinary prudence but also creates a substantial risk that property damage or personal injury will follow.” Id.
In the case at bar, the Commonwealth failed to present evidence that not only was the defendant’s driving a gross deviation from that of an ordinary prudent person, but also that the defendant observed a potential danger and disregarded that danger while continuing to drive. For example, had the evidence established that other vehicles were on the road and approaching the intersection through which the defendant drove without stopping, under those circumstances, the defendant’s behavior could be characterized as a willful and wanton disregard for the safety of others. Having an absence of any indicia of a known, probable, substantial risk of harm to people or property above those risks typically associated with failing to stop at a stop sign, the court will not find that the defendant had the requisite mens rae for reckless driving. As a result, the Commonwealth failed to present sufficient testimony to establish a prima facie case of reckless driving. The defendant’s petition with regard to *405 this crime is granted, and this charge will be stricken from the information.
The defendant is also charged with careless driving pursuant to 75 Pa.C.S.A. § 3714(a). “Any person who drives a vehicle in a careless disregard for the safety of persons or property is guilty of careless driving[.]” Id. The term “careless disregard” is a degree of culpability which is less than a “willful and wanton” disregard for the safety of others but greater than mere negligent driving. Comm. v. Podrasky, 378 A.2d 450, 452 (Pa. Super. 1977). To establish a prima facie case for careless driving, the Commonwealth must present sufficient “evidence of negligent acts, amounting to a careless disregard of the rights or safety of others, the consequences of which could reasonably have been foreseen by the driver of the vehicle.” Id.
Here, the Commonwealth presented evidence that the defendant drove through stop signs and he accelerated his vehicle at “a high rate of speed.” Failing to stop at stop signs, even if not speeding, could certainly endanger the safety of others, especially considering that the incident occurred around midnight, in the dark of the night. The defendant did not simply “roll through” one stop sign, which would be indicative of mere negligence. Instead, the defendant accelerated his vehicle without stopping at all. As a result, the court finds that the Commonwealth presented sufficient evidence of a prima facie case of careless driving, and the defendant’s petition with regard to this charge is denied.
Next, the defendant is charged with possession of *406 a controlled substance pursuant to 35 P.S. § 780-113(a) (16). This charged is based upon the defendant’s alleged possession of .7 grams of crack cocaine. Section 780-113(16) of the Controlled Substance, Drug, Device and Cosmetic Act (hereinafter, the “Act”) provides in relevant part as follows: “(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited ... (16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act[.]” 35 P.S. § 780-113(a)(16). To sustain a prima facie case for possession of a controlled substance the “Commonwealth must prove that [the defendant] knowingly or intentionally possessed a controlled substance without being properly registered to do so under the Act.” Comm. v. Brown, 48 A.3d 426, 430 (Pa. Super. 2012). “Possession of a controlled substance can be established by showing that the defendant had the substance on his person, [which is known as] actual possession.” Comm. v. Parsons, 570 A.2d 1328, 1334 (Pa. Super. 1990). Here, Officer Hallowich located the crack cocaine in the headliner of the vehicle above the driver’s seat. Because the contraband was not found on the defendant’s person, the Commonwealth must prove that the defendant had constructive possession of these drugs. See Comm. v. Kirkland, 831 A.2d 607, 611 (Pa. Super. 2003).
Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined *407 constructive possession as “conscious dominion.” We subsequently defined “conscious dominion” as “the power to control the contraband and the intent to exercise that control.” To aid application, we have held that constructive possession may be established by the totality of the circumstances.”
Comm. v. Parker, 847 A.2d 745, 750 (Pa. Super. 2004) (internal citations omitted). Moreover, “[t]he fact that another person may also have control and access does not eliminate the defendant’s constructive possession; two actors may have joint control and equal access and thus both may constructively possess the contraband.” Comm. v. Haskins, 677 A.2d 328, 330 (Pa. Super. 1996).
As stated above, Officer Hallowich located the crack cocaine inside the headliner of the vehicle above the driver’s seat. Although the defendant did not rent the vehicle, the defendant was seen operating the vehicle. When the vehicle was ultimately found one to two days later, it was abandoned. The court does not believe it is a stretch to infer that the defendant was likely the last person who operated the vehicle. Although three other individuals were seen running from the vehicle, the crack cocaine was found above the driver’s seat, the seat the defendant occupied. Based upon these facts, the court finds that the defendant clearly had the ability to exercise conscious dominion over the contraband; however, there is no direct evidence to establish that the defendant knew the contraband was located inside the headliner. As a result, the court must look to the surrounding circumstances for an inference of knowledge sufficient to establish the element of intent. The court is unable to analyze the surrounding *408 circumstances because the record is devoid of such details. The Commonwealth cannot prove that the defendant was the only individual who had access to the area in which the contraband was found. Ms. Margo Jackson was the individual who rented the vehicle. It is probable that she had access to this area above the driver’s seat as well. Further, there is no evidence that the defendant actually accessed or made any movements toward the headliner of the vehicle. Without any evidence on which the court can rely to find that the defendant had knowledge of the contraband, the intent element cannot be established. As a result, the Commonwealth has failed to present a prima facie case of possession of a controlled substance. The petition is granted with respect to this charge, and it will be stricken from the information.
The defendant is also charged with possession of a controlled substance with the intent to deliver pursuant to 35 P.S. § 780-133(a)(30). “The crime of possession of a controlled substance with the intent to deliver requires the Commonwealth to prove an additional element [to the charge of possession of a controlled substance]: that [the defendant] possessed the controlled substance with the intent to manufacture, distribute, or deliver it.” Comm. v. Brown, 48 A.2d 426, 430 (Pa. Super. 2012). Because the Commonwealth is unable to establish the first element of this crime, possession of the contraband, the Commonwealth cannot meet its standard for possession of a controlled substance with the intent to deliver. The petition is granted with respect to this charge, and it will be stricken from the information.
Lastly, the defendant is charged with possession of *409 drug paraphernalia pursuant to 35 P.S. § 780-113(a)(32). The Commonwealth alleges that the defendant possessed a plastic baggie in which the crack cocaine was located. Because the court found that the Commonwealth was unable to establish that the defendant possessed the crack cocaine; the court similarly is unable to find that the defendant possessed its encasing, the plastic baggie. The petition is granted with respect to this charge, and it will be stricken from the information. Therefore, the petition for writ of habeas corpus is granted in part and denied in part.
Based upon the foregoing, the omnibus pretrial motion is hereby granted in part and denied in part.
ORDER OF COURT
And now, this 20th day of February, 2015, this case being before the court on January 7,2015, for a hearing on the defendant’s omnibus pretrial motion, with Assistant District Attorney William J. Flannery, Esquire, appearing and representing the Commonwealth of Pennsylvania, and Aaron M. Cangey, Esquire, appearing and representing the defendant, and upon a complete and thorough review of the applicable record, the court hereby orders and decrees as follows:
1. The defendant’s omnibus motion is granted in part and denied in part pursuant to the attached opinion.
2. The defendant’s omnibus pretrial motion is hereby denied with respect to the motion to suppress.
3. The defendant’s omnibus pretrial motion is hereby granted with respect to the petition for writ of habeas *410 corpus challenge to Counts 3, 5, 6, and 7 as contained within the information.
4. Counts 3, 5, 6, and 7 as contained in the information are hereby dismissed.
5. The defendant’s omnibus pretrial motion is hereby denied with respect to all other challenges within the petition for writ of habeas corpus.
6. The clerk of courts shall properly serve notice of this order and opinion upon counsel of record; and if a party has no counsel, then upon said party at his last known address as contained in the court’s file.