**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LAMEEK SABEEZ REDDICK | |
| Appellant | No. 605 MDA 2015 |

Appeal from the Judgment of Sentence of March 9, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0001858-2014

BEFORE: PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:               **FILED OCTOBER 15, 2015**

Lameek Reddick appeals the March 9, 2015 judgment of sentence. We affirm.

On December 5, 2013, Harrisburg City Police Officer Chad McGowan observed Reddick driving a Chevrolet Suburban after dark without illuminated headlamps. Officer McGowan activated his emergency lights, intending to make a routine traffic stop. After "an abnormal amount of time" had passed, Reddick pulled over and exited the Suburban. Notes of Testimony ("N.T."), 10/14/2014, at 6. Officer McGowan ordered Reddick to get back into the vehicle. Reddick complied with that instruction, but after

_____

[*]     Retired Senior Judge assigned to the Superior Court.

returning to the Suburban, he drove away "at a high rate of speed." *Id.* at 8.

Officer McGowan pursued Reddick, who eventually parked the Suburban on the 600 block of Seneca Street in Harrisburg. Reddick then jumped out of the vehicle and ran from the scene. Officer McGowan gave chase, but ultimately lost sight of Reddick. He then went back to the area where Reddick had abandoned the Suburban, where he discovered a Samsung cell phone on the ground next to the driver's-side door of the vehicle. Officer McGowan also detected an odor of marijuana emanating from the driver's-side window of the SUV, which was "partially cracked." *Id.* at 11.

Because Reddick had abandoned the vehicle, Officer McGowan called his supervisor, Sergeant Rodriguez,[1] and received permission to have it towed from the scene. Before the tow truck arrived, Officer McGowan conducted what the Commonwealth contends was an inventory search of the vehicle's passenger compartment. In the center console, Officer McGowan found a black wallet containing Reddick's Pennsylvania identification card. Also in the wallet was the Suburban's registration, which indicated that a woman named Star King was the registered owner of the vehicle. Beside the wallet, Officer McGowan found several plastic bags, which contained

---

[1] The record does not contain Sergeant Rodriguez' first name.

marijuana and cocaine. After discovering these items, Officer McGowan stopped searching the vehicle because he intended to apply for a search warrant. *Id.* at 15.

Officer McGowan went to King's home hoping to locate Reddick. King gave Officer McGowan consent to search her residence, but Reddick was not there. King also gave Officer McGowan written consent to search the Suburban. Officer McGowan had the vehicle towed to King's residence, where he searched the entire passenger compartment, but he did not discover any additional contraband.

As a result of these events, Reddick was charged with two counts of possession of a controlled substance with intent to deliver, possession of drug paraphernalia with intent to deliver, fleeing or attempting to elude a police officer, periods for requiring lighted lamps, driving while suspended, and escape.[2] On September 17, 2014, Reddick filed a motion to suppress the physical evidence that Officer McGowan seized from the Suburban. On December 16, 2014, following a hearing, the trial court denied Reddick's motion to suppress.

On March 9, 2015, following a stipulated non-jury trial, the trial court found Reddick guilty of possession of a controlled substance with intent to deliver, fleeing or attempting to elude a police officer, periods for requiring

---

[2] 35 P.S. §§ 780-113(a)(30), and 780-113(a)(33); 75 Pa.C.S. §§ 3733, 4302(a)(2), and 1543(a); 18 Pa.C.S. § 5121(a), respectively.

lighted lamps, driving while suspended, and escape. On that same day, the trial court sentenced Reddick to an aggregate sentence of two to twelve months' imprisonment, followed by eighteen months' intermediate punishment.

On April 5, 2015, Reddick timely filed a notice of appeal. On April 15, 2015, the trial court ordered Reddick to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Reddick timely complied.

Reddick presents one issue for our consideration:

> Whether the [trial] court erred in denying [Reddick's] motion to suppress evidence where police conducted an unlawful inventory search in violation of Article I, Section 8 of the Pennsylvania Constitution and the Fourth Amendment to the United States Constitution?

Brief for Reddick at 5.

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Our scope of review is limited: "[W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts."

*Commonwealth v. Levanduski*, 907 A.2d 3, 23 (Pa. Super. 2006) (*en banc*) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 115 (Pa. Super. 2005)).

Initially, the Commonwealth contends that Reddick cannot prevail on his challenge to the inventory search because he failed to demonstrate a legitimate expectation of privacy in the Suburban. "[I]n order to prevail [on a motion to suppress,] the defendant, as a preliminary matter, must show that he had a privacy interest in the area searched." *Commonwealth v. Perea*, 791 A.2d 427, 429 (Pa. Super. 2002). In arguing that Reddick failed to demonstrate a cognizable privacy interest in the vehicle, the Commonwealth notes that the vehicle was not registered in Reddick's name, and Reddick did not present any evidence that King had given him permission to use the vehicle. We agree.

"The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Rakas v. Illinois*, 439 U.S. 128, 130 n.1 (1978). This is so because "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Id.* at 133-34 (quoting *Alderman v. United States*, 394 U.S. 165, 174 (1969)). Thus, before a defendant may challenge a search or seizure on Fourth Amendment grounds, he or she must demonstrate a reasonable expectation of privacy in the area searched or thing seized. *Hawkins*, 718 A.2d at 267; *Commonwealth v. Torres*, 764 A.2d 532, 542 (Pa. 2001); *Commonwealth v. Black*, 758 A.2d 1253, 1256-58 (Pa. Super. 2000).

Whether a defendant has a legitimate expectation of privacy is a component of the merits analysis of the suppression motion.

*Commonwealth v. Millner*, 888 A.2d 680, 691 (Pa. 2005). The suppression court must determine whether the defendant has met this burden by evaluating the evidence presented both by the Commonwealth and by the defendant. This Court has explained as follows:

> [G]enerally under Pennsylvania law, a defendant charged with a possessory offense has automatic standing to challenge a search. "However, in order to prevail, the defendant, as a preliminary matter, must show that he had a privacy interest in the area searched."
>
> > An expectation of privacy is present when the individual, by his conduct, exhibits an actual (subjective) expectation of privacy and that the subjective expectation is one that society is prepared to recognize as reasonable. The constitutional legitimacy of an expectation of privacy is not dependent on the subjective intent of the individual asserting the right but on whether the expectation is reasonable in light of all the surrounding circumstances.
>
> Pennsylvania law makes clear there is no legally cognizable expectation of privacy in a stolen automobile. Additionally, this Court has declined to extend an expectation of privacy to an "abandoned" automobile.

*Jones*, 874 A.2d at 118 (internal citations omitted).

In *Jones*, we held that a defendant did not have a privacy interest sufficient to challenge the constitutionality of a search of the rental car that he was driving. In so holding, we explained that the defendant's "subjective expectation of privacy was not reasonable where he was the operator of a rental car but not the named lessee, was not an authorized driver, the named lessee was not present in the vehicle, [the defendant] offered no

- 6 -

explanation of his connection to the named lessee, and the return date for the rental car had passed." ***Id.*** at 120.

Similarly, in ***Commonwealth v. Burton***, 973 A.2d 428 (Pa. Super. 2009), an *en banc* panel of this Court held that a defendant did not have a reasonable expectation of privacy in an automobile that was not registered to him. Like the defendant in ***Jones***, Burton offered no evidence that he was authorized to operate the vehicle in question, nor did he explain his relationship to the vehicle's registered owner.

Instantly, as in ***Jones*** and ***Burton***, Reddick did not own or lease the vehicle that the police searched. The vehicle was registered to King. Reddick offered no evidence that he was using the vehicle with King's permission. Nor did he offer evidence explaining his connection to the vehicle or his relationship with King. Because Reddick failed to demonstrate that he had a cognizable privacy interest in the Suburban, the trial court did not err in denying his motion to suppress. ***See Rakas***, 439 U.S. at 130 n.1 ("The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/15/2015