J-S77013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ANDRE YANICK AINA | |
| Appellant | No. 417 MDA 2016 |

Appeal from the Judgment of Sentence December 17, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000688-2015

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 09, 2016**

Appellant, Andre Yanick Aina, appeals from the judgment of sentence entered December 17, 2015, in the Court of Common Pleas of Centre County. Aina challenges the denial of his motion to suppress items recovered in a vehicle search and a search incident to arrest following a traffic stop. After careful review, we affirm.

The relevant facts and procedural history are as follows. On April 8, 2015, following a traffic stop, Aina was charged through the filing of a criminal complaint with persons not to possess, use, manufacture, control, sell, or transfer firearms,[1] firearms not to be carried without a license,[2]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(A)(1).

possession of a small amount of marijuana,[3] possession of drug paraphernalia,[4] prohibited offensive weapon,[5] restrictions on use of limited access highways,[6] and exceeding maximum speed limits.[7] Aina moved to suppress evidence gained from his vehicle and his person during the traffic stop. The court held a suppression hearing.

At the hearing, the Commonwealth presented the testimony of Pennsylvania State Police Trooper Luke Straniere. At approximately 1:35 p.m. on April 8, 2015, Trooper Straniere was patrolling Interstate 80 when he observed a car westbound in the left lane at a high rate of speed. Trooper Straniere pulled his vehicle within several hundred yards of the car, set his speedometer to 75 miles per hour, and clocked the vehicle for approximately half of a mile. The distance between the car and Trooper Straniere's vehicle neither increased nor decreased for the duration of the clock. Further, Trooper Straniere noted that the car failed to yield to the right lane for the duration of the clock, and for approximately two miles afterwards, despite

(Footnote Continued) ⎯⎯⎯⎯⎯⎯⎯⎯

[2] 18 Pa.C.S.A. § 6106(A)(1).

[3] 35 Pa.C.S.A. § 780-113(A)(31)(I).

[4] 35 Pa.C.S.A. § 780-113(A)(32).

[5] 18 Pa.C.S.A. § 908(A).

[6] 75 Pa.C.S.A. § 3313(D)(1).

[7] 75 Pa.C.S.A. § 3362(A)(1.1-5)

multiple opportunities to do so. After a few miles, the car merged into the right lane, at which point Trooper Straniere activated his lights and siren and initiated a traffic stop.

Once both vehicles had pulled over onto the right shoulder of the interstate, Trooper Straniere exited his vehicle and approached the car's passenger side window. Trooper Straniere knocked on the window approximately 8 to 10 times, asking the driver of the white Nissan, later identified as Aina, to open the window. Aina did not immediately comply with Trooper Straniere's request. Rather, he placed his valid California driver's license against the window. Trooper Straniere again asked Aina to open the window, and Aina complied by lowering the window a few inches. Once the window was opened, Trooper Straniere noticed that the car smelled of marijuana and that there was "marijuana shake"[8] on Aina's clothing.

Aina informed Trooper Straniere that the car had been leased by his stepmother, had to be returned in Columbus, Ohio, but that Aina did not have any documentation relative to the vehicle. Trooper Straniere returned to his vehicle, requested assistance, and ran Aina's name through a criminal background system. Trooper Straniere returned to the car and asked Aina to step out of the rental vehicle. Aina complied and consented to a pat-down

---

[8] "The cruddy end bits of a large bag of weed." Shake, Urban Dictionary, http://www.urbandictionary.com/define.php?term=shake (last visited December 1, 2016).

search for weapons. Trooper Hoy and Corporal Grenci arrived to assist Trooper Straniere and conducted a search of the white Nissan. The search of the vehicle produced a rifle, ammunition, a stun gun, $3,000 in U.S. currency, two knives, and rolling papers. Trooper Straniere testified that he placed Aina under arrest. A subsequent search of Aina's person resulted in the discovery of a small amount of marijuana.

In addition to Trooper Straniere's testimony, the Commonwealth also presented the videotape from the traffic stop, and the rental agreement. The rental agreement indicated that the car had been rented by Tisha Brady. The contract stated that no one else was permitted to drive the vehicle without prior written authorization, and that the car was supposed to be returned to the rental company the day prior to Aina's traffic stop. Aina did not testify at the suppression hearing, or present any additional evidence.

On September 18, 2015, the suppression court denied Aina's motion to suppress, stating that Aina did not have standing to challenge the search and seizure because he did not have an "expectation of privacy" in the rental car. The parties proceeded to a bench trial on November 2, 2015. Following the presentation of the evidence, the trial court convicted Aina of all charges except for maximum speed limits.[9] This timely appeal followed.

_____

[9] Prior to trial, upon agreement of the parties, the trial court dismissed Count 1- persons not to possess, use, manufacture, control, sell, or transfer firearms.

On appeal, Aina raises the following questions for our review.

   I.    Whether the trial court erred in failing to suppress all evidence
         derived from the illegal traffic stop and subsequent search of the
         vehicle.

   II.   Whether the trial court erred in denying [Aina's] motion to
         suppress evidence obtained as a result of the illegal search of
         [Aina's] person.

Appellant's Brief, at 4.

"Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence that the challenged evidence was not obtained in violation of the defendant's rights." *Commonwealth v. Wallace*, 42 A.3d 1040, 1047-1048 (Pa. 2012) (citations omitted).

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of the suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontracted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Eichinger*, 915 A.2d 1122, 1134 (Pa. 2007) (citation omitted).

"It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony.

The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing." ***Commonwealth v. Elmobdy***, 823 A.2d 180, 183 (Pa. Super. 2003) (citation omitted).

First, Aina argues that the trial court erred in failing to suppress the evidence obtained from the car he was driving at the time of his traffic stop. ***See*** Appellant's Brief, at 4. Aina contends that the trial court erred in determining that he did not have standing to contest the vehicle search because he did not have a privacy interest in the vehicle at the time of his traffic stop. ***See id***., at 9-13. We disagree.

> Both the Fourth Amendment of the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution guarantee individuals freedom from unreasonable searches and seizures. The concept of standing in a criminal search and seizure context empowers a defendant to assert a constitutional violation and thus seek to exclude or suppress the government's evidence pursuant to the exclusionary rules under the Fourth Amendment of the United States Constitution or Article 1, Section 8 of the Pennsylvania Constitution.

***Commonwealth v. Bostick***, 958 A.2d 543, 550-551 (Pa. Super. 2008) (internal citations and quotation marks omitted). We have generally recognized that a defendant charged with a possessory offense has automatic standing to challenge a search. ***See Commonwealth v. Perea***, 791 A.2d 427 (Pa. Super. 2002). However, "[a] defendant moving to suppress evidence has the preliminary burden of establishing standing and a legitimate expectation of privacy." ***Commonwealth v. Burton***, 973 A.2d 428, 435 (Pa. Super. 2009) (*en banc*).

An expectation of privacy is present when the individual, by his conduct, exhibits an actual (subjective) expectation of privacy and that the subjective expectation is one that society is prepared to recognize as reasonable. The constitutional legitimacy of an expectation of privacy is not dependent on the subjective intent of the individual asserting the right but on whether the expectation is reasonable in light of all the surrounding circumstances.

*Commonwealth v. Jones*, 874 A.2d 108, 117-118 (Pa. Super. 2005)

(internal quotations and citation marks omitted).

We have previously examined the same issue in *Commonwealth v. Maldonado*, 14 A.3d 907 (Pa. Super. 2011).

In that case, Maldonado was pulled over while driving a car owned by his paramour Vasquez. *Id*. at 911. From a subsequent search of the vehicle, police recovered drugs and guns and charged Maldonado with crimes related to his possession of each. *Id*. at 909. At the suppression hearing, which Vasquez attended without testifying, the Commonwealth presented evidence that the vehicle was owned by Vasquez and that Maldonado lived with her at the address at which the vehicle was registered. Id. at 911. However, Maldonado offered no evidence that he had permission to drive the car on the day in question. This Court concluded that the suppression court erred in granting Maldonado's suppression motion, stating as follows.

The fact that Maldonado and Vasquez might have lived together and had a romantic relationship does not foreclose the possibility that Maldonado was driving Vasquez's vehicle without her knowledge or permission. For that reason, we conclude that Maldonado failed to establish an expectation of privacy in the vehicle he was driving, which "he did not own, that was not registered to him, and for which he has not shown authority to operate."

*Commonwealth v. Brown*, 64 A.3d 1101, 1107 (Pa. Super. 2013) (quoting

*Maldonado*, 14 A.3d at 911) (additional citation omitted).

At the suppression hearing, Aina bore the burden of establishing that he had a reasonable expectation of privacy in the vehicle. **See Burton**, at 435. He did not meet this burden. While the Commonwealth presented evidence at the suppression hearing in the form of the testimony of Trooper Straniere, Aina did not present any witnesses.

The evidence produced at the suppression hearing establishes that the vehicle was a rental car leased by Tisha Brady. Trooper Straniere testified, on cross-examination, that Aina told him that Brady was his stepmother. However, contrary to Aina's assertion there was *no* evidence presented at the suppression hearing that Aina had permission from his stepmother to drive the car. The fact that Brady was Aina's stepmother does not eliminate the possibility that Aina was driving the rental vehicle without her knowledge or permission.

For that reason, we find that Aina failed to meet his burden of establishing an expectation of privacy in the vehicle he was driving, which "he did not own, that was not registered to him, and for which he has not shown authority to operate." **Burton**, 973 A.2d at 436. Therefore, because Aina did not have standing to challenge the search of the vehicle, Aina's motion to suppress the evidence was properly denied.

Lastly, Aina contends that the trial court erred in denying his motion to suppress the evidence removed from Aina's person following his arrest. **See** Appellant's Brief, at 18. Aina's sole argument for suppression here is that,

but for the illegal stop of the rental vehicle, there would not have been probable cause to arrest Aina, and therefore all evidence collected in the search incident to arrest should be suppressed.[10] *See id*. Aina's argument fails. The traffic stop was lawful.

"While warrantless seizures such as a vehicle stop are generally prohibited, they are permissible if they fall within one of a few well-delineated exceptions." *Commonwealth v. Brown*, 996 A.2d 473, 476 (Pa. 2010) (citation omitted). For purposes of this case, a pertinent exception is a traffic stop authorized by 75 Pa.C.S.A. § 6308(b).

Under § 6308(b),

> when considering whether reasonable suspicion or probable cause is required constitutionally to make a vehicle stop, the nature of the violation has to be considered. If it is not necessary to stop the vehicle to establish that a violation of the Vehicle Code has occurred, an officer must possess probable cause to stop the vehicle. Where a violation is suspected, but a stop is necessary to further investigate whether a violation has occurred, an officer need only possess reasonable suspicion to make the stop.

*Commonwealth v. Salter*, 121 A.3d 987, 993 (Pa. Super. 2015).

The Motor Vehicle Code defines the offense of maximum speed limits as follows:

**§ 3362. Maximum speed limits**

---

[10] We note that, while Aina challenges the validity of the traffic stop, he does not challenge whether Trooper Staniere had the probable cause necessary to lawfully arrest Aina once the stop occurred. Therefore, we will not analyze the legality of Aina's arrest.

(a) General rule. – Except when a special hazard exists that requires lower speed for compliance with section 3361 (relating to driving vehicle at safe speed), the limits specified in this section or established under this subchapter shall be maximum lawful speeds and no person shall drive a vehicle at a speed in excess of the following maximum limits:

\* \* \*

(1.1) 65 miles per hour or 70 miles per hour for all vehicles on freeways where the department has posted a 65-miles-per-hour or 70 miles-per-hour speed limit.

75 Pa.C.S.A. § 3362(a)(1.1). The Motor Vehicle Code also defines the offense of restriction on use of limited access highways as follows:

**§ 3313. Restrictions on use of limited access highways**

\* \* \*

**(d) Driving in right lane.** –

(1) Except as provided in paragraph (2) and unless otherwise posted, upon all limited access highways having two or more lanes for traffic moving in the same direction, all vehicles shall be driven in the right-hand lanes when available for traffic except when any of the following conditions exist:

(i) When overtaking and passing another vehicle proceeding in the same direction.

(ii) When traveling at a speed greater than the traffic flow.

(iii) When moving left to allow traffic to merge.

(iv) When preparing for a left turn at an intersection, exit or into a private road or driveway when such left turn is legally permitted.

(2) Unless otherwise posted, no vehicle or combination over 10,000 pounds may be driven in the left-hand lane of

a limited access highway having three or more lanes for traffic moving in the same direction except when preparing for a left turn at an intersection, an exit or into a private road or driveway when such left turn is legally permitted.

75 Pa.C.S.A. § 3313(d).

Trooper Straniere testified that he clocked Aina for over half of a mile going 75 miles per hour in a 70 miles per hour zone. Further, Trooper Straniere observed that Aina drove for over 2.5 miles in the left hand lane, despite light traffic and having multiple opportunities to cross into the right-hand lane. Trooper Straniere had probable cause to initiate a valid traffic stop as the un-contradicted evidence provides that he observed Aina violate the Vehicle code by speeding and failing to yield to the right lane. *See* 75 Pa.C.S.A. §§ 3362, 3313.

As noted, Aina has not challenged the validity of his arrest. "It is well established that a warrantless search incident to a lawful arrest is reasonable, and no justification other than that required for the arrest itself is necessary to conduct such a search." *In re. R.P.*, 918 A.2d at 1283 (citation omitted). "Consequently, any evidence seized as a result of a search incident to a lawful arrest is admissible in later proceedings." *Id*. (citation omitted). Thus, Aina's final argument on appeal fails.

Judgment of Sentence affirmed.

Judge Platt joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2016