**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Ramon J. MARTI, Appellee.**

Superior Court of Pennsylvania.

Submitted March 26, 2001.

Filed June 29, 2001.

Beatrice M. May, Asst. Dist. Atty., Lancaster, for Commonwealth, appellant.

Osvaldo Espinosa, Lancaster, for appellee.

Before: JOHNSON, ORIE MELVIN and KELLY, JJ.

ORIE MELVIN, J.

¶ 1 This is an appeal by the Commonwealth from the Order of the Court of Common Pleas of Lancaster County dismissing the charge of aggravated assault against the Appellee, Ramon Jose Marti, based upon a lack of *prima facie* evidence of a bodily injury. We reverse and remand for trial.

¶ 2 The facts and procedural history may be summarized as follows. On November 21, 1999, Sergeant Thomas Weber, of the Lancaster City Bureau of Police, arrested Appellee for aggravated assault upon a police officer after having been punched in the jaw by Appellee while responding to a domestic dispute. Following a preliminary hearing on December 13,

1999, Appellee was held over for court. An information was filed on January 10, 2000 and formal arraignment waived. On August 1, 2000, after two trial continuances, Appellee filed an Omnibus Pre-trial Motion, which included a motion to dismiss. Certified record at 9. In his motion to dismiss, he averred that "[t]he Information does not designate any facts to support the issue of whether Sergeant Weber sustained a bodily injury, as that term is defined under current case law," and he further averred that "[t]he Information does not designate any facts to support the issue of whether the [Appellee] attempted to cause a bodily injury," so as to support the charge of aggravated assault. *Id.* at ¶ 2(c) and (d).[1]

■ ¶ 3 On October 24, 2000, an evidentiary hearing on the motion was held before the Honorable Michael J. Perezous. The facts underlying the charge, as presented in Sergeant Weber's affidavit of probable cause, are not in dispute and read as follows:

1— On 21 Nov. 99 Sunday at approx. 0218 hrs. I Sgt. Weber was responding to a domestic disturbance at 236 Chester St Apt. # 1 Details of the disturbance were that a[n] unknown female called 911 and reported that a female was screaming for someone to help her and to call the police.

2— On arrival I observed a H/F [Hispanic female] holding a small child crying and she was standing in front of Apt # 1. The door to the Apt. was standing open. This female, who is unknown, was very upset and crying and she was looking into the open door to Apt. # 1.

3— I entered the open door and observed the defendant and another unknown H/M [Hispanic male]. The defendant was very upset and yelling. As I entered I attempted to talk to the defendant and the other H/M to determine what the problem was. The defendant was very upset and angry. I attempted to calm the defendant down and he became more aggressive. The other H/M also attempted to calm him down and it was at this time the defendant lunged forward with his right fist and struck Sgt. Weber on the left lower jaw.

4— The H/M then grabbed the defendant and attempted to push him away from Sgt. Weber and while he was moving backwards he grabbed a [sic] item from a small table and I thought he was going to throw it at me but he threw it to the floor. H/M then forced the defendant back into a rear bedroom out of sight.

5— At the time of the incident I was in uniform, on official business and investigating a domestic disturbance which was occurring upon my arrival. Injuries were slight swelling and pain to the lower left Jaw.

1. We note that a motion to dismiss is not the proper means by which to test the sufficiency of the Commonwealth's evidence pre-trial. *See* Pa.R.Crim.P. 306 (now 578), Comment; *Commonwealth v. Nicodemus*, 431 Pa.Super. 342, 636 A.2d 1118, 1121 (1993), *appeal denied*, 540 Pa. 580, 655 A.2d 512 (1994). Rather, the proper vehicle is a petition for a writ of *habeas corpus*. *See Commonwealth v. McBride*, 528 Pa. 153, 156 n. 2, 595 A.2d 589, 590 n. 2 (1991). Nevertheless, the Commonwealth did not object to this procedural defect. Therefore, we will review the trial court's decision according to the standards applicable to a writ of *habeas corpus*. *See generally Commonwealth v. Ballard*, 501 Pa. 230, 232 n. 1, 460 A.2d 1091, 1092 n. 1 (1983) (treating a pleading incorrectly styled as a motion to quash in the manner of a *habeas corpus* petition).

Certified record at 5. By Order dated October 24, 2000, the trial court granted the motion to dismiss and cited the case of *Commonwealth v. Wertelet*, 696 A.2d 206 (Pa.Super.1997) in support of its decision. *Id.* at 11. This timely appeal followed.[2]

¶ 4 The Commonwealth raises one question for our review:

> Whether the [trial court's] decision to grant the Defendant's Motion to Dismiss charges of Aggravated Assault, 18 Pa. C.S. § 2702(a)(3), based on the rationale of *Commonwealth v. Wertelet*, 696 A.2d 206 (Pa.Super.1997), was erroneous where the Defendant in a fit of rage, lunged forward with a closed fist and struck a police officer who was responding to a domestic dispute at the Defendant's location?

Commonwealth's brief at 4 (footnote omitted).

 ¶ 5 Initially, we note that where the facts are not in dispute the determination of whether a *prima facie* case has been established is a question of law. *Commonwealth v. Finn*, 344 Pa.Super. 571, 496 A.2d 1254, 1255 (1985). Accordingly, our scope of review is limited to determining whether the trial court committed an error of law. *Id.* "The Commonwealth establishes a *prima facie* case when it produces evidence that, if accepted as true, would warrant the trial judge to allow the case to go to a jury." *Commonwealth v. Martin*, 727 A.2d 1136, 1142 (Pa.Super.1999), *appeal denied*, 560 Pa. 722, 745 A.2d 1220 (1999) (quoting *Commonwealth v. Allbeck*, 715 A.2d 1213, 1214 (Pa.Super.1998)). "[T]he Commonwealth need not prove the elements of the crime beyond a reasonable doubt; rather, the *prima facie* standard requires evidence of the existence of each and every element of

the crime charged." *Id.* Moreover, the weight and credibility of the evidence are not factors at this stage, and the Commonwealth need only demonstrate sufficient probable cause to believe the person charged has committed the offense. *Commonwealth v. Wojdak*, 502 Pa. 359, 369, 466 A.2d 991, 1000 (1983); *see also Commonwealth v. McBride, supra,* fn. 1. "Inferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect, and the evidence must be read in the light most favorable to the Commonwealth's case." *Commonwealth v. Owen*, 397 Pa.Super. 507, 580 A.2d 412, 414 (1990) (citations omitted).

 ¶ 6 Instantly, in order to allow the case to go to the jury the Commonwealth was required to show probable cause that Appellee (1) attempted to cause or intentionally or knowingly caused (2) bodily injury (3) to a police officer (4) in the performance of his duties. *See* 18 Pa.C.S.A. § 2702(a)(3) and *Commonwealth v. Petaccio*, 764 A.2d 582 (Pa.Super.2000). Based upon the holding by a panel of this Court in *Commonwealth v. Wertelet, supra,* the trial court found the evidence as to the bodily injury element to be lacking.

¶ 7 The Commonwealth contends the habeas court erred in concluding the Commonwealth had failed to make a *prima facie* showing that the sergeant sustained a bodily injury. Alternatively, the Commonwealth argues even if a *prima facie* showing of bodily injury is lacking the case should still have proceeded as a *prima facie* showing of an "attempt to cause bodily injury" was established. Our review of the facts leads us to conclude that the trial

---

**2.** We note "[a]n order summarily dismissing criminal charges prior to trial is appealable by the Commonwealth." *Commonwealth v. Hess*, 489 Pa. 580, 589, 414 A.2d 1043, 1047 (1980) (quoting *Commonwealth v. McBride*, 528 Pa. 153, 156, n. 2, 595 A.2d 589, 590 n. 2 (1991)).

court erred in failing to submit this case to the jury.

¶ 8 In *Wertelet,* we noted that the Crimes Code definition of bodily injury as "impairment of physical condition or substantial pain," 18 Pa.C.S.A. § 2301, "is worded rather generally and does not provide a great deal of guidance." *Wertelet,* 696 A.2d at 210. We further recognized the lack of cases attempting to define the term. *Id.* In attempting to define the term, the panel compared Wertelet's actions with those of the defendants in the cases of *Commonwealth v. Kirkwood,* 360 Pa.Super. 270, 520 A.2d 451 (1987) and *Interest of J.L.,* 327 Pa.Super. 175, 475 A.2d 156 (1984). In *Kirkwood,* the defendant was charged with simple assault for aggressively fast dancing with a woman. The victim testified that she had pleaded with Kirkwood to stop because he was hurting her, but that he had continued to swing her until her husband intervened. She said the incident lasted approximately forty seconds and left her with bruises and cut marks on her arms. As a result, she testified she suffered pain in her arms and her right knee for a short period of time thereafter. We concluded these facts did not constitute sufficient bodily injury to sustain a conviction of a simple assault, in that "temporary aches and pains brought about by strenuous, even violent, dancing are an inadequate basis for imposing criminal liability upon a dance partner for assault." *Kirkwood,* 520 A.2d at 454. We also opined "the assault section of the Crimes Code was intended to protect and preserve one's physical well-being and was not intended to prevent temporary hurts resulting from trivial contacts which are a customary part of modern day living." *Id.* In *Interest of J.L., supra,* we reversed the adjudication of delinquency of a sixteen-year-old for simple assault where she elbowed her nephew to push him away. We noted "it is difficult to attach criminality to the pushing, shoving, slapping, elbowing,

hair-pulling, perhaps even punching and kicking, that frequently occur between siblings or other members of the same family." *Id.* at 157.

¶ 9 Consequently, the *Wertelet* panel found the actions in *Kirkwood* and *J.L.* were "on par with the nature of the affront committed here by [Wertelet]." The panel reasoned as follows:

> There is no evidence that appellant reared back and kicked Trooper Funk as hard as she could. Indeed, she kicked him with the back of her heel as she was flailing about and squirming while the troopers attempted to handcuff her. Trooper Funk was not seriously impaired by the kicks, he was able to continue working, and he did not report even any bruising or swelling. Trooper Funk's characterization of the pain as similar to 'bumping your shin on a coffee table' aligns the encounter with those described above and does not fall within the general connotation of the term 'injury.'

*Wertelet,* 696 A.2d at 212, 213 (footnote omitted).

¶ 10 However, we find the facts of this case clearly distinguishable. Here, while responding to a domestic dispute Sergeant Weber was struck with a closed fist in the jaw by Appellee resulting in "slight swelling and pain." Unlike *Wertelet* this assault did not occur while Sergeant Weber was attempting to place Appellee under arrest. Rather, the Appellee without provocation lunged forward and punched Sergeant Weber in the face. Furthermore, upon being restrained by a friend Appellee grabbed an unidentified object from a table and threw it to the floor. An inference can be drawn from this activity that had his friend not intervened the assault would have continued. We refuse to equate a deliberate punch in the face causing swelling and pain with a mild kick to

the shins delivered while resisting arrest, which the victim described as similar to bumping into a coffee table. We find the instant facts more analogous to those found in the cases of *Commonwealth v. Biagini*, 540 Pa. 22, 655 A.2d 492, 498 (1995) and *Commonwealth v. Petaccio*, 764 A.2d 582 (Pa.Super.2000).

¶ 11 In *Biagini*, our Supreme Court affirmed the appellant's conviction for aggravated assault finding the evidence sufficient to establish Biagini intentionally caused physical injury. The facts in *Biagini* showed he merely punched the officer in the mouth while resisting arrest and was subdued with the aid of the additional officers. Likewise in *Petaccio*, this Court distinguished *Wertelet*. We found it was "clear that appellant's behavior was more egregious than 'relatively harmless physical contact with a police officer,'" where the officer experienced pain and bleeding as a result of a punch to the jaw. *Petaccio*, 764 A.2d at 585–586.

¶ 12 We find further support for our conclusion by examination of the cases defining bodily injury in the context of a simple assault. *In the Interest of M.H.*, 758 A.2d 1249 (Pa.Super.2000), *appeal denied*, 564 Pa. 735, 766 A.2d 1250 (2001), we affirmed an adjudication of delinquency for simple assault involving the reckless infliction of bodily injury to a high school teacher's aide. The evidence therein demonstrated M.H. aggressively grabbed the victim's arm and pushed her up against a wall causing bruises on her arm that lasted several days. The injury did not require medical treatment or cause the victim to miss any work. On appeal, M.H. argued the evidence was insufficient to prove simple assault because the victim's injury did not constitute "bodily injury" under 18 Pa.C.S.A. § 2701(a)(1). After analyzing the rationale of *Wertelet*, we rejected this argument noting:

We are not willing to view this incident as a 'temporary hurt' resulting from a 'trivial contact.' It cannot be viewed as contact incident to a struggle as in *Wertelet*, which the officer there described as akin to bumping his shin. It cannot be viewed in any sense as social contact as was the, albeit aggressive, dancing in *Kirkwood*. Nor can we view this incident as the type of non-criminal contact resulting from family stress and rivalries as in *Interest of J.L.* In short, we do not consider M.H.'s conduct in any way a 'customary part of modern day living.' *Kirkwood*, 520 A.2d at 454.

*In the Interest of M.H.*, 758 A.2d at 1252. *See, e.g., Commonwealth v. Jorgenson*, 341 Pa.Super. 550, 492 A.2d 2 (1985) *rev. on other grounds*, 512 Pa. 601, 517 A.2d 1287 (1986) (stating "[a] jury may infer that striking a person across the face causes pain;" even if there is no testimony of pain); *Commonwealth v. Adams*, 333 Pa.Super. 312, 482 A.2d 583 (1984) (affirming conviction for simple assault where victim was struck in the head with an object hard enough to almost knock her unconscious); *Commonwealth v. Richardson*, 431 Pa.Super. 496, 636 A.2d 1195, 1196 (1994) (holding testimony that appellant's punch broke officer's glasses and caused pain for a few days was sufficient to sustain finding of actual bodily injury); *Commonwealth v. Ogin*, 373 Pa.Super. 116, 540 A.2d 549 (1988) (*en banc*), *appeal denied*, 521 Pa. 611, 557 A.2d 343 (1989) (finding substantial pain may be inferred from the circumstances surrounding the physical force used, even in the absence of significant injury).

¶ 13 Although *dictum*, in *Wertelet* we recognized "logically speaking, a simple assault committed against a police officer in the performance of his duties would satisfy the elements of § 2702(a)(3)." *Wertelet*, 696 A.2d at 212 fn. 8. The only

differences between assaults under § 2701(a)(1)[3] and § 2702(a)(3) are that the latter applies when the assault is committed upon one of the persons enumerated in § 2702(c) in the performance of their duties and the latter does not allow for a *mens rea* of recklessness. Consequently, for purposes of defining the bodily injury component of these provisions, whether the assault is characterized as "simple" or "aggravated" has no bearing on our interpretation. Calling a simple assault upon a police officer aggravated merely reflects the legislature's intent to punish this assault more severely than one committed upon a layperson, which is accomplished by grading the offense as a felony of the second degree rather than a misdemeanor of the second degree. *Cf.* 18 Pa.C.S.A. §§ 2701(b) and 2702(b).

 ¶ 14 Additionally, we agree with the Commonwealth that even if there was no showing of a bodily injury this charge should still have been submitted to the jury as an attempt to cause bodily injury. As is the case with simple assault under § 2701(a)(1) "[t]he Commonwealth need not establish that the [officer] actually suffered bodily injury; rather, it is sufficient to support a [*prima facie* case] if the Commonwealth establishes an attempt to inflict bodily injury." *See Richardson, supra.* "This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury." *Id.* (citing *Commonwealth v. Polston,* 420 Pa.Super. 233, 616 A.2d 669 (1992), *appeal denied,* 534 Pa. 638, 626 A.2d 1157 (1993)). In *Petaccio, supra,* in addition to punching the officer in the mouth, which we found constituted bodily injury, the assailant also kicked the officer in the stomach. We acknowledged this conduct alone "clearly constitutes an attempt to inflict bodily injury" and "is the very type of conduct prohibited by § 2702(a)(3)." *Id.* 764 A.2d at 586.

¶ 15 Accordingly, we hold the evidence presented by the Commonwealth at the hearing below was clearly sufficient to establish a *prima facie* case against the Appellee. Based on the foregoing, the Order of the trial court is reversed, the charge is reinstated and the case is remanded for trial.

¶ 16 Order reversed. Case remanded for trial. Jurisdiction is relinquished.

---

**3.** This section provides:

§ **2701. Simple assault**

**(a) Offense defined.**—A person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly *or recklessly* causes bodily injury to another[.] (emphasis added).