J-S54045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH LAWRENCE THOMAS | |
| Appellant | No. 654 MDA 2014 |

Appeal from the Judgment of Sentence entered April 14, 2014
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0006200-2013

BEFORE:  LAZARUS, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.                    **FILED NOVEMBER 10, 2014**

Appellant, Joseph Lawrence Thomas, appeals from the judgment of sentence the Court of Common Pleas of York County entered on April 14, 2014.[1]  Appellant argues the trial court erred in not granting his motion to suppress the evidence seized following an illegal stop.  Specifically, Appellant

---

[1] Appellant purports to appeal from the January 10, 2014 order denying his pre-trial motion to suppress/dismiss—the nature of the underlying motion changes throughout the brief.  It would seem that Appellant deems a motion to suppress and a motion to dismiss to be the same.  Elsewhere Appellant purports to appeal from the "judgment of sentence  . . .  entered January 10, 2014, and made final when Appellant was sentenced on April 14, 2014." Appellant's Brief, first page (unnumbered).  An appeal does not lie from the denial of a pre-trial motion or from the conviction, but from the judgment of sentence. *See*, *e.g.*, *Commonwealth v. Pratt*, 930 A.2d 561, 562 n.1 (Pa. Super. 2007).  Additionally, there is no indication Appellant filed a post-sentence motion, which would have made the judgment final. *See*, *e.g.*, Pa.R.A.P. 301(a)(2).  We have corrected the caption accordingly.

alleges the police did not have reasonable suspicion to stop him to investigate about some criminal activity in which he was allegedly involved. We disagree. Accordingly, we affirm.

The trial court adequately summarized the factual background of this case as follows:

> On March 2, 2013, at approximately 2:00 a.m., Trooper Newcomer was traveling northbound on State Route 74 where it intersects I-83. He testified that he observed a white Nissan sedan attempting to pull out of the Citizen's [sic] Bank parking lot. He stated that upon seeing the marked unit, the Nissan backed up into the parking lot of the bank and utilized a nearby business parking lot to access State Route 74. Trooper Newcomer testified that this appeared suspicious because he was aware of multiple bank incidents where ATMs were being broken into throughout the state. He subsequently decided to follow the vehicle. Upon following the vehicle, the trooper noticed that the validating sticker on the registration plate was not in the correct indentation on the registration plate. Therefore, he initiated a traffic stop. Upon making contact with Appellant, the trooper detected an odor of alcoholic beverage emanating from his breath and observed his eyes to be glassy and bloodshot. Appellant exited the vehicle to perform standardized field sobriety tests. Appellant also admitted to consuming a shot of Hennessy forty-five minutes prior to these events and to smoking marijuana.
>
> Upon completion of the field sobriety testing, Appellant showed clues of impairment and was placed under arrest. Appellant was transported to York Hospital for a chemical blood test.

Trial Court Opinion, 5/9/14, at 2-3 (citations to record omitted).[2]

_____

[2] We note Appellant failed to append a copy of the Rule 1925 trial court opinion or the order denying motion to suppress to his brief, despite the clear language of Pa.R.A.P. 2111(b).

On appeal, Appellant argues the police officer did not have reasonable suspicion to stop him to investigate whether he was engaged in some criminal activity. **See** Appellant's Brief at 8-9. This argument is without merit.

Appellant fails to appreciate the facts of the case and the legal consequences resulting from them. The alleged basis for the officer to stop the vehicle was a violation of the Vehicle Code, not the investigation of criminal activity. N.T. Motion to Dismiss, 1/10/14, at 6-7. **See also** Trial Court Opinion, 5/9/14, at 2; N.T. Trial, 2/25/14, at 11-12, 14, 15. A vehicular violation provides a valid ground for stopping a vehicle. The quantum of cause to stop a vehicle depends on the violation itself, namely whether it is an investigatable violation or not. **See Commonwealth v. Chase**, 960 A.2d 108, 115-16 (Pa. 2008). If the violation speaks for itself, *i.e.*, there is no need for further investigation, then the quantum of cause needed is probable cause. If further investigation is necessary, then reasonable suspicion suffices. **Id.**

Appellant does not argue he did not violate the Vehicle Code, nor did he challenge in any fashion what the trial court eloquently called a "crap charge."[3] Additionally, Appellant did not address whether the underlying vehicular violation required reasonable suspicion or probable cause to

---

[3] N.T. Trial, 2/25/14, at 15.

warrant a stop. Finally, Appellant did not challenge the trial court's finding that the vehicular violation gave the officer probable cause to stop.

Appellant focuses his challenge on what he perceives to be the actual reason for the stop, namely to investigate Appellant's suspected criminal activity. Specifically:

> Though Trooper Newcomer cited Appellant with an equipment code violation for failure to place his registration sticker in the proper indentation on the license plate[, ] this does not change the nature of the stop any more than the fact Trooper Newcomer charged Appellant with [d]riving [u]nder the [i]nfluence. Trooper Newcomer followed and stopped Appellant for the express purpose of investigating the possibility that he was engaged in criminal activity at or around the ATM machine in the bank parking lot.

Appellant's Brief at 10.

Appellant ignores well-settled principles of law that directly contradict this argument. Even if the actual motive was the investigation of suspected criminal activity, this motive is irrelevant for purposes of determining the legality of the seizure. "[T]he United States Supreme Court made clear that case law 'foreclose[s] any argument that the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers involved.' In other words, if police can articulate a reasonable suspicion of a Vehicle Code violation, a constitutional inquiry into the officer's motive for stopping the vehicle is unnecessary." *Chase*, 960 A.2d at 120 (citing *Whren v. United States*, 517 U.S. 806, 813 (1996)).

In sum, Appellant's argument is flawed on multiple levels. First, a violation of the Vehicle Code provides enforcement officers with a valid ground to conduct a vehicular stop. The only question pertains to the quantum of cause to conduct the stop, *i.e.*, reasonable suspicion or probable cause. By failing to challenge or address the underlying vehicular violation, or the trial court's finding of probable cause to stop the vehicle for a vehicular violation, Appellant *de facto* admitted the officer had probable cause to stop the vehicle.[4] A challenge to the actual motive for stopping the vehicle, as opposed to the alleged one, is pointless once the stopping officer showed and proved (here, not even challenged) he had a legitimate reason (*i.e.*, vehicular violation) to stop him. Based on what Appellant challenges, and most importantly what he does not challenge, we are constrained to conclude the officer had probable cause to warrant a stop of the vehicle.[5]

In light of the foregoing, we affirm the judgment of sentence.

_____

[4] Our conclusion is based on Appellant's (or lack thereof) argument. We are not holding the trial court properly concluded the officer needed probable cause to stop the vehicle.

[5] In his prayer to this Court, Appellant asks us to reverse the decision of the trial court denying his motion to dismiss criminal information. Appellant's Brief at 11. Given Appellant challenged, in essence, the sufficiency of the evidence offered by the Commonwealth in support of the stop, it is clear that a motion to dismiss is an improper method to test the sufficiency of the Commonwealth's case. **See Commonwealth v. Marti**, 779 A.2d 1177, 1179 n.1 (Pa. Super. 2001) ("We note that a motion to dismiss is not the proper means by which to test the sufficiency of the Commonwealth's evidence pre-trial. *See* Pa.R.Crim.P. 306 (now 578), Comment[.]").

Judgment of sentence affirmed.

Judge Lazarus joins the memorandum.

Judge Mundy concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/10/2014