J-S65041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ALEXANDER BENJAMIN ORLOWSKI, | |
| Appellee | No. 393 WDA 2016 |

Appeal from the Order Entered March 1, 2016
in the Court of Common Pleas of Westmoreland County
Criminal Division at No.: CP-65-CR-0002204-2015

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                        **FILED OCTOBER 24, 2016**

The Commonwealth appeals from the trial court's order[1] granting the motion of Appellee, Alexander Benjamin Orlowski, to quash the criminal information charging him with two counts of driving under the influence of alcohol (DUI).[2] We affirm.

We take the relevant facts and procedural history of this case from our independent review of the certified record.  On February 1, 2015, at approximately 4:20 p.m. in rainy weather conditions, witness Quade Karas

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We have amended the caption to reflect that the trial court's order, dated February 29, 2016, was entered on March 1, 2016.

[2] The Commonwealth has certified that the court's order terminates or substantially handicaps its prosecution of Appellee.  **See** Pa.R.A.P. 311(d).

was driving his truck up a hill and slid off the side of the road upon hitting a patch of ice. The vehicle rolled down an embankment, resting upside-down, with a large amount of smoke emanating from it. Mr. Karas escaped from the truck, climbed the embankment, and crawled to the roadway. Shortly thereafter, Appellee, who was approaching the scene from the opposite lane of travel down the hill, pulled over to the side of the road. As he exited his truck and approached Mr. Karas, his vehicle began to roll. Appellee ran after his truck and it hit a tree at the bottom of the hill. A man in a Subaru then stopped to pick Appellee up, and Appellee told Mr. Karas that he had to leave. Mr. Karas testified that he did not notice anything indicating that Appellee was intoxicated at that time.[3]

---

[3] We note that at the hearing on the motion to quash, over defense counsel's objection on hearsay grounds, the Commonwealth sought to admit investigative reports prepared by the state troopers responding to the scene indicating that Mr. Karas had relayed to them that Appellee appeared drunk. (*See* N.T. Motion to Quash, 11/12/15, at 6-7, 11-12, 24); *see also* Pa.R.E. 803.1(1) (allowing prior inconsistent statement made by declarant-witness as exception to rule against hearsay where the statement: "(A) was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition; (B) is a writing signed and adopted by the declarant; or (C) is a verbatim contemporaneous electronic, audiotaped, or videotaped recording of an oral statement."). The trial court determined that the reports did not meet the criteria set forth in Pa.R.E. 803.1(1), and it rejected them as unreliable where Mr. Karas unequivocally testified that Appellee did not appear intoxicated. (*See* Trial Court Opinion, 3/01/16, at 3). The Commonwealth does not challenge this determination or otherwise rely on the reports in its appellate brief. (*See* Commonwealth's Brief, at 13-21).

Troopers David J. Demchak and Patrick Dowling arrived at the scene of the accident at approximately 4:45 p.m., and Appellee retuned shortly thereafter.[4] Trooper Demchak suspected that Appellee was intoxicated, and when he asked Appellee to perform field sobriety tests, Appellee responded: "just arrest me, you know that I'm drunk." (N.T. Preliminary Hearing, 5/11/15, at 21-22). Appellee stated that he drank three beers before the accident, but did not specify the time-period over which he consumed them. He also advised Trooper Demchak that, immediately after the accident, he drank eighteen shots of whisky in fifteen to twenty minutes at a bar that he owns located one-half mile from the crash site. Trooper Demchak arrested Appellee and a blood draw performed at approximately 6:00 p.m. revealed a blood alcohol content of 0.255 percent.

The magisterial district court held a preliminary hearing on May 11, 2015, and the district judge held the charges over for court. On June 8, 2015, the Commonwealth filed a criminal information charging Appellee with two counts of DUI.[5] On July 15, 2015, Appellee filed an omnibus pretrial motion seeking quashal of the information, claiming that the Commonwealth failed to present a *prima facie* case for DUI at the preliminary hearing. At the November 12, 2015 hearing on the motion, the trial court incorporated

---

[4] Appellee did not drive himself back to the scene.

[5] 75 Pa.C.S.A. §§ 3802(c), 3802(a)(1).

the preliminary hearing transcript into the record, heard additional testimony, and took the matter under advisement. On March 1, 2016, the trial court entered its opinion and order granting Appellee's motion. This timely appeal followed.[6]

The Commonwealth raises one question for our review:

> Whether a *prima facie* showing of DUI has been established when [Appellee] admits to having consumed three beers before driving and then after getting out of his vehicle without putting [it] into park resulting in it rolling away and crashing, then flees the scene and returns about [twenty] minutes later and tells the investigating Trooper "just arrest me, you know that I'm drunk" and is revealed to have a blood alcohol content of .255% within two hours of driving?

(Commonwealth's Brief, at 7).

The Commonwealth's issue on appeal challenges the trial court's grant of Appellee's motion to quash the information. Specifically, it argues that the record in this case supports a *prima facie* case for the two counts of DUI with which Appellee was charged. (***See id.*** at 13-21). This issue does not merit relief.

Our standard of review is as follows:

> The decision to grant a motion to quash a criminal information or indictment is within the sound discretion of the trial judge and will be reversed on appeal only where there has

---

[6] Pursuant to the trial court's order, the Commonwealth filed a timely concise statement of errors complained of on appeal on April 6, 2016. The court entered an opinion on April 12, 2016, in which it referred this Court to its opinion and order filed March 1, 2016, for the rationale for its decision. ***See*** Pa.R.A.P. 1925.

- 4 -

been a clear abuse of discretion. Discretion is abused when the course pursued by the trial court represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Wyland***, 987 A.2d 802, 804–05 (Pa. Super. 2010), *appeal denied*, 8 A.3d 346 (Pa. 2010) (citations and quotation marks omitted).

With respect to the Commonwealth's burden to establish a *prima facie* case, our Supreme Court has stated:

At the preliminary hearing it is incumbent on the Commonwealth to establish at least *prima facie* that a crime has been committed and that the accused is the one who committed it. In order to satisfy this burden of establishing a *prima facie* case, the Commonwealth must produce legally competent evidence, which demonstrates the existence of each of the material elements of the crime charged and legally competent evidence to demonstrate the existence of facts which connect the accused to the crime charged.

***Commonwealth ex rel. Buchanan v. Verbonitz***, 581 A.2d 172, 173–74 (Pa. 1990), *cert. denied sub nom.* ***Stevens v. Buchanan***, 499 U.S. 907 (1991) (citations, quotation marks, and emphasis omitted). "The Commonwealth establishes a *prima facie* case when it produces evidence that, if accepted as true, would warrant the trial judge to allow the case to go to a jury." ***Commonwealth v. Marti***, 779 A.2d 1177, 1180 (Pa. Super. 2001) (citations omitted). "[T]he Commonwealth need not prove the elements of the crime beyond a reasonable doubt; rather, the *prima facie* standard requires evidence of the existence of each and every element of the crime charged." ***Id.*** (citation omitted).

- 5 -

In the instant case, as discussed above, the Commonwealth charged Appellee with two counts of DUI. The relevant portions of the DUI statute provide:

**(a)   General impairment.—**

> (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle **after imbibing** a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

*     *     *

> **(c) Highest rate of alcohol.—**An individual may not drive, operate or be in actual physical control of the movement of a vehicle **after imbibing** a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1), (c) (emphases added).

Thus, the prohibited conduct under the statute is drinking excessively and then driving. *See id.*; *see also Commonwealth v. Duda*, 923 A.2d 1138, 1148 (Pa. 2007). "[A]ny evidence that the defendant consumed alcohol after operating the vehicle would tend to undermine the prosecution's ability to prove the elements of [a DUI] offense." *Duda, supra* at 1151 n.14.

Here, the trial court, after considering the testimony presented at the preliminary hearing and the hearing on the motion to quash, concluded that

the Commonwealth failed to establish a *prima facie* case for DUI against Appellee. The court explained that it was:

> . . . reduced to considering whether [Appellee] was driving a vehicle, that the vehicle slid down a hill after [Appellee] alighted from it, that [he] admitted to consuming three beers before his vehicle slid down the hill, and consuming a great quantity of alcohol in a short period of time after the accident and prior to the administration of the blood alcohol test.
>
> Simply because his vehicle slid down a slippery hill proves nothing definitive about his operation of his vehicle, and his blood alcohol content cannot be attributed to him while driving because of his post-accident consumption of a copious amount of alcohol. Neither the police officers nor Quade Karas testified to any other indicia of the consumption of alcohol. Neither did the Commonwealth offer any evidence regarding any extrapolation that might have been made regarding the blood alcohol results.

(Trial Ct. Op., at 4).

After review of the record, we cannot conclude that the court clearly abused its discretion in granting Appellee's motion to quash the information, **see Wyland**, **supra** at 804-05, given that the accident occurred under adverse weather conditions on a slippery hill, Appellee imbibed a tremendous amount of alcohol immediately after the crash, and the blood draw was administered after he consumed the shots, following his operation of his truck. **See Duda**, **supra** at 1151 n.14. Accordingly, we affirm the order of the trial court.

Order affirmed.

Judge Lazarus joins the Memorandum.

Judge Olson files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/24/2016