J-S81003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENESHYA A. POOLE | : | |
| | : | No. 553 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence January 12, 2017
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001374-2015

BEFORE: PANELLA, J., STABILE, J., and PLATT[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 18, 2018**

Deneshya A. Poole appeals from the judgment of sentence entered in the Lycoming County Court of Common Pleas, after a jury found her guilty of simple assault and aggravated assault – enumerated person.[1] We affirm.

Appellant is an inmate at SCI Muncy. On January 20, 2015, Correctional Officer George Tipler was escorting Appellant back to her prison cell in the Restricted Housing Unit ("RHU") when Appellant dug her nails into the back of CO Tipler's hand, which gouged his skin and caused him to bleed. Appellant was charged with aggravated assault of an enumerated person (correctional officer), and simple assault. A jury found her guilty of both charges. The simple

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701(a)(1) and 2702(a)(3), respectively.

assault charge merged for sentencing purposes, and the court gave her a mitigated range sentence of 18 to 36 months of incarceration for aggravated assault. Appellant filed timely post-sentence motions, which the court denied. Her appeal is now before us.

Appellant attempts to raise two challenges on appeal. At the outset, we note that an unfortunate typographical error appearing periodically throughout her brief insists the evidence *is* sufficient to convict her of both aggravated and simple assault. Further, though Appellant has separated her brief into four sections, with two purportedly addressing her weight of the evidence claims, Appellant uses exactly the same argument in each section.

Though Appellant cites to generic weight of the evidence law, she follows this law with the identical conclusion from the sufficiency sections of her brief: the evidence is "insufficient to sustain a conviction for the offense[]. Specifically, the Commonwealth failed to meet the element of Bodily Injury." Appellant presents no relevant argument on her weight claim; consequently, this claim is waived.[2] **See** Pa.R.A.P. 2111 (listing requirements for presenting cognizable issue on appeal). And despite the jumbled presentation of

---

[2] A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." **Commonwealth v. Davidson**, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted), *aff'd*, 938 A.2d 198 (Pa. 2007). Had we addressed this claim on the merits, we would have found the verdict does not in any respect shock one's sense of justice. The figure of justice is firmly rooted to her pedestal.

Appellant's brief, we find she intended to raise a sufficiency argument with respect to the bodily injury element of her convictions. Thus, we will address that argument.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. *See Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004). "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." *Id*. (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Bruce*, 916 A.2d at 661 (citation omitted). Evidence is weak and inconclusive "[w]hen two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances…." *Commonwealth v. Woong Knee New*, 47 A.2d 450, 468 (Pa. 1946).

A person is guilty of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S.A. § 2701. A person is guilty of aggravated assault – enumerated person if he attempts to cause, or intentionally or knowingly causes bodily injury to a correctional officer in the performance of the officer's duty. **See** 18 Pa.C.S.A. § 2702(a)(3). Bodily injury is the impairment of a physical condition, or substantial pain. **See** 18 Pa.C.S.A. § 2301.

Our Court has found evidence sufficient for a finding of bodily injury in a case where the defendant pushed the victim into a doorframe, and caused the victim to suffer a laceration that bled and produced a visible scab for a week or two. **See Commonwealth v. Duck**, 171 A.3d 830, 837 (Pa. Super. 2017). Similarly, a defendant who struck an officer with his fist, resulting in slight pain and swelling of the officer's jaw, could be properly charged with aggravated assault. **See Commonwealth v. Marti**, 779 A.2d 1177, 1183 (Pa. Super. 2001). Bodily injury was also found in a case where a student grabbed an instructional aide, leaving red marks and bruises for approximately four days. **See In re M.H.**, 758 A.2d 1249, 1252 (Pa. Super. 2000). Whether the victim requires medical treatment or misses work is of no moment to our analysis, as these are not prerequisites for a finding of bodily injury. **See id**.

Instantly, Appellant lodges in the RHU, an area, as its name connotes, separate from the general population of the prison. Some inmates in the RHU are subject to special transportation procedures while moving between the RHU and other areas of the prison. Due to Appellant's past behavioral issues,

prison authorities record her movements while outside of her cell. Appellant's hands must be secured in handcuffs behind her back when she is outside of her cell.

At trial, the Commonwealth presented the videotaped recording of the incident, and the following testimony. CO Tipler testified that he and two other correctional officers were escorting Appellant back to her cell in the RHU. *See* N.T. Trial, 10/25/16, at 26. While CO Tipler walked her there, Appellant screamed obscenities at him. *See id*. Once Appellant was placed back in her cell, Appellant had to put her hands through a small opening on the cell door to have her handcuffs unlocked. *See* N.T. Trial, 10/26/16, at 4. Appellant had completed this procedure many times before, during previous trips outside of her cell. *See id*., at 18.

However, instead of allowing CO Tipler to unlock her handcuffs, she dug her fingernails into the back of his hand. *See* N.T. Trial, 10/25/16, at 29. CO Tipler shouted at Appellant to "stop fucking scratching me." *Id*., at 36. Appellant continued to dig her fingernails into the back of the officer's hand, resulting in two bleeding wounds. *See id*., at 38. CO Tipler pulled his hand away and requested medical attention. *See id*. CO Tipler testified he still had a scar on the back of his hand at the time of trial from the one of the gouges Appellant made in his skin. *See id*.

The correctional officer operating the video camera during this incident also testified. He stated CO Tipler's hand was "covered in blood" after

Appellant scratched him, and that CO Tipler had to seek medical treatment for his wounds. N.T. Trial, 10/25/16, at 47.

The prison's registered nurse also testified, and his medical report was introduced into evidence. *See id*., at 52-53. The report stated that CO Tipler had an abrasion on the back of his hand. *See id*., at 52. The nurse testified that CO Tipler had washed his hands by the time he was treated, and his hand had stopped bleeding. *See id*., at 53.

Appellant presented a physician's aide from the prison who stated that Appellant frequently complained her handcuffs were too tight. *See id*., at 65.

Appellant also testified. She stated she was unaware she scratched CO Tipler, and that she was just wiggling her fingers to get feeling back in her hands. *See* N.T. Trial 10/26/16, at 10. Appellant admitted that she heard an officer shout, "stop trying to scratch me," but claimed she did not know which officer shouted, or that the officer was shouting at her. *Id*., at 19.

We evaluate the foregoing evidence in the light most favorable to the Commonwealth as the verdict-winner. In sum, the Commonwealth's case showed CO Tipler was an officer of a correctional institution acting in performance of his duties at the time of the incident. The Commonwealth proffered evidence to show Appellant used her nails to gouge CO Tipler's hand, causing it to bleed and scar.

We find the Commonwealth supplied sufficient evidence for the jury to find that the injuries Appellant inflicted on CO Tipler's hand constituted impairment of a physical condition or substantial pain, and thereby bodily

- 6 -

injury. Consequently, we find the Commonwealth presented sufficient evidence to show Appellant committed aggravated assault. Accordingly, we affirm Appellant's judgment of sentence for aggravated assault – enumerated person, and simple assault.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/18/18