J-S19029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
SAIHEED M. JERKINS :
:
Appellant : No. 1296 EDA 2019

Appeal from the Order Entered March 27, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0029647-2018

BEFORE: BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.: **FILED MAY 15, 2020**

The Commonwealth appeals from the order entered in the Philadelphia Court of Common Pleas denying the Commonwealth's motion to reinstate gun possession charges against Saiheed M. Jerkins (Appellee) after dismissal of those charges at the preliminary hearing. The Commonwealth argues the court erred in finding insufficient evidence for a *prima facie* case. We reverse.

On November 21, 2018, Pennsylvania State Police Troopers sought Appellee in Montgomery County on a material witness warrant issued in an unrelated matter. When serving the warrant, they observed Appellee leaving a family member's house in a relative's car. They pursued him, eventually pulling him over in Philadelphia. Appellee abandoned the car, fleeing on foot. The troopers apprehended him immediately. When they searched the car, they found a handgun stored in the closed center console.

The Commonwealth charged Appellant with persons not to possess firearms, firearms not to be carried without a license, and carrying firearms on public streets in Philadelphia.[1]  Appellee was also charged with reckless endangerment of another person[2] (REAP), as when he abandoned the car, he did not put it in park, and it rolled toward the police vehicle that had stopped in front of him.  On January 10, 2019, at Appellee's preliminary hearing, the Municipal Court found that the Commonwealth had not made a *prima facie* case as to the gun charges.  The REAP charge survived the preliminary hearing.

On January 14, 2019, the Commonwealth filed a notice of refiling of criminal complaint in the Court of Common Pleas (trial court).  On March 27, 2019, the trial court held a hearing, allowing the Commonwealth to incorporate and supplement the preliminary hearing evidence.  After the hearing, the trial court denied the Commonwealth's motion to refile the gun charges.  The Commonwealth filed a motion for reconsideration, which was denied on April 4, 2019.  The Commonwealth filed a timely notice of appeal on April 25, 2019, in which it certified that the order terminated or substantially handicapped the prosecution per Pa.R.A.P. 311(d), and timely complied with the court's Pa.R.A.P. 1925(b) order.

---

[1] 18 Pa.C.S. §§ 6105, 6106, 6108.

[2] 18 Pa.C.S. § 2705.

- 2 -

The Commonwealth presents one issue for our review:

Did the court err in ruling that there was insufficient evidence for a *prima facie* case of three counts of violation of the Uniform Firearms Act (18 Pa.C.S. §§ 6105, 6106, and 6108)?

Commonwealth's Brief at 4. The Commonwealth argues that the trial court failed to accept as true all evidence presented as well as all reasonable inferences therefrom. It argues that Appellee's presence in and control of the car, without more, is enough to establish a *prima facie* case as to the gun charges and that therefore it was error to hold otherwise. *Id.* at 7.

Appellee argues that the Commonwealth failed to establish his awareness of the handgun, and therefore could not make out a *prima facie* case that he possessed it. Because there was no evidence that he was aware of the handgun, Appellee asserts, the Commonwealth's motion to reinstate charges was properly denied. Appellee's Brief at 5-6.

The trial court, which denied the Commonwealth's motion to reinstate the charges after dismissal at the preliminary hearing, focused its inquiry on the Commonwealth's theory that Appellee's flight from the car was evidence of consciousness of guilt. According to this theory, Appellee was aware of the gun's presence in the car and wanted to distance himself from it, which is why he abandoned the car and fled from police on foot. The trial court acknowledges in its opinion that courts must view the evidence in the light most favorable to the Commonwealth and consider all reasonable inferences from the evidence that could support a conviction. Trial Ct. Op., 9/19/19 at

3, *citing* **Commonwealth v. Landis**, 48 A.3d 432, 444 (Pa. Super. 2012) (*en banc*). However, the court points out that Appellee's flight was just as likely to have been caused by his desire to avoid the material witness warrant. The court reasoned, "What the Commonwealth presents as reasonable inference crosses the line separating inference from speculation." Trial Ct. Op. at 5.

Where the facts are not in dispute, whether a *prima facie* case has been established is a question of law, and this Court's scope of review is limited to determining whether the trial court committed an error of law. **Commonwealth v. Marti**, 779 A.2d 1177, 1180 (Pa. Super. 2001).

> The Pennsylvania Supreme Court has stated:
>
> The preliminary hearing is not a trial. The principal function of a preliminary hearing is to protect an individual's right against an unlawful arrest and detention. . . . At this hearing the Commonwealth bears the burden of establishing at least a *prima facie* case that a crime has been committed and that the accused is probably the one who committed it.

**Commonwealth v. Weigle**, 997 A.2d 306, 311 (Pa. 2010) (citation omitted). **See also** Pa.R.Crim.P. 542(D) ("At the preliminary hearing, the issuing authority shall determine from the evidence presented whether there is a *prima facie* case that (1) an offense has been committed and (2) the defendant has committed it.").

> The offense of persons not to possess firearms is defined as follows:
>
> A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or

manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1). A person commits firearms not to be carried without a license when he, *inter alia*, "carries a firearm in any vehicle . . . without a valid and lawfully issued license under this chapter." 18 Pa.C.S. § 6106(a)(1). Finally, the offense of carrying firearms on public streets in Philadelphia prohibits any person from carrying a firearm upon the public streets or any public property in Philadelphia unless such person is licensed to carry a firearm or is exempt from licensing. 18 Pa.C.S. § 6108(1)-(2). The parties stipulated that Appellee has a prior conviction that prevents him from lawful ownership of a firearm.

Each of the charged gun offenses has as its key element **possession**. "Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction." ***Commonwealth v. Parrish***, 191 A.3d 31, 36 (Pa. Super. 2018), *appeal denied*, 202 A.3d 42 (Pa. 2019). To do so, "the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue." ***Id.*** at 37. "[K]nowledge of the existence and location of the contraband is a necessary prerequisite to proving the defendant's intent to control, and, thus, his constructive possession." ***Id.***

This Court has defined constructive possession as follows:

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.

***Commonwealth v. Brown***, 48 A.3d 426, 430 (Pa. Super. 2012) (citation omitted).

Here, we agree with the Municipal Court, which acknowledged that "this is a close one . . . ." N.T., 1/10/19, at 16-17. However, flight from the car could be construed as evidence of consciousness of guilt. It has long been true in Pennsylvania that "when a person commits a crime, knows that he is wanted therefor, and flees or conceals himself, such conduct is evidence of consciousness of guilt and may form the basis in connection with other proof from which guilt may be inferred." ***Commonwealth v. Coyle***, 203 A.2d 782, 789 (Pa. 1964). ***See, e.g., Commonwealth v. Hudson***, 955 A.2d 1031, 1036 (Pa. Super. 2008) ("When a person knows that he is wanted in connection with a criminal investigation, and flees or conceals himself, such conduct is admissible as evidence of consciousness of guilt."). Our Court has held that evasive behavior at a car stop, where a gun is subsequently found in the car, supports a conviction for gun possession. ***See Commonwealth v. Cruz***, 21 A.3d 1247, 1253 (Pa. Super. 2011) (constructive possession

established where driver gave multiple false names to arresting officer and gun was found in compartment of car).

Appellee argues that his flight from the car was a mere continuation of his earlier attempt to elude police seeking to enforce a material witness warrant. This may be true. However, if it is, it is a credibility determination to be made by a finder of fact upon proper presentation of evidence of fact at trial, and not based on argument of counsel, which is not evidence. Appellee's presence in the vehicle, mere inches from the concealed handgun, coupled with his flight from the automobile suffices at a preliminary hearing stage to establish *prima facie* evidence of the crime charged. Indeed, flight alone at this level is enough to infer consciousness that the gun was in the automobile and Appellee was attempting to distance himself from the corpus of the crime. Because the Commonwealth has met its initial low burden of establishing a *prima facie* case as to the gun possession charges, we reverse the trial court.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/20

- 7 -