J-S07021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CRAIG CURTIS BECKER, JR. | : | |
| | : | No. 710 MDA 2024 |

Appeal from the Judgment of Sentence Entered April 5, 2024
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0000277-2023

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JUNE 09, 2025**

Craig Curtis Becker, Jr. appeals from the judgment of sentence imposed following his jury convictions for aggravated assault of a police officer, resisting arrest, simple assault and disorderly conduct.[1] He challenges the sufficiency of evidence to support his convictions for aggravated assault and resisting arrest. We affirm.

Officer Michael Menapace of the Coal Township Police Department was called to Becker's residence in February 2023, to assist police officers in taking Becker into custody due to a domestic incident. N.T., 12/13/23, at 23-24. When Officer Menapace arrived at the residence, several officers were already there, including Officer Benjamin Busko and Corporal Joshua Wynn. *Id.* at 24. Becker was "[h]ighly intoxicated" at the time. *Id.* at 26. Officer Busko

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(3), 5104, 2701(a)(1), and 5503(a)(1), respectively.

handcuffed Becker, and he and Officer Menapace walked Becker over to the police car. *Id.* at 25. At that point, Becker "began to tense up" and "[w]ouldn't get in the car." *Id.* The officers attempted to push Becker into the car and, in doing so, Officer Menapace "ended up falling inside the car with Mr. Becker face-to-face." *Id.* Officer Busko fell on the outside rear quarter panel of the car. *Id.* at 41. Officer Menapace tried to get out of the car, and Becker was screaming. *Id.* at 25. Becker then looked at Officer Menapace and "took his foot and kicked [him] directly on top of the head" causing the officer to feel dazed and dizzy. *Id.* at 25-26.

Officer Busko saw Becker kick Officer Menapace in the head with his shoe. *Id.* at 42. He testified at trial that Becker was not merely flailing his legs but rather "[i]t looked like he was kicking" Officer Menapace, as he saw Becker "cock his leg back and then kick it forward." *Id.*

Corporal Wynn observed Officers Menapace and Busko struggling to get Becker into the police car, and saw that he "was resisting them." *Id.* at 31. Corporal Wynn then saw Officer Menapace come out of the back of the police car "holding his head and stumbling a bit[.]" *Id.* at 32. Officer Menapace told Corporal Wynn, "I just got kicked in the head," and sat down on the sidewalk *Id.*

At the conclusion of the trial, the jury found Becker guilty of the above offenses. The court sentenced Becker to a period of incarceration of one to five years. Becker filed a post-sentence motion, which was denied. This appeal followed.

Becker raises the following issues:

1. Was the evidence introduced at trial insufficient to con[vict Becker] of aggravated assault under 18 Pa.C.S.A. § 2702[](a)(3) when it failed to establish [Becker] intended to cause bodily [i]njury?

2. Was the evidence introduced at trial insufficient to convict [Becker] of resisting arrest under 18 Pa.C.S.A. § 5104 when it fa[iled] to establish that [Becker] intended to prevent a lawful arrest?

Becker's Br. at 6 (suggested answers omitted).

Becker's issues challenge the sufficiency of the evidence. The sufficiency of the evidence is a question of law. Therefore, "[o]ur standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. Mikitiuk**, 213 A.3d 290, 300 (Pa.Super. 2019). When reviewing a challenge to the sufficiency of the evidence, we "must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt." **Commonwealth v. Feliciano**, 67 A.3d 19, 23 (Pa.Super. 2013) (*en banc*) (citation omitted). "Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail." **Id.** (citation omitted). This standard applies equally where the Commonwealth's evidence is circumstantial. **Commonwealth v. Patterson**, 180 A.3d 1217, 1229 (Pa.Super. 2018). The factfinder, "while passing on the credibility of the witnesses and the weight of the evidence – is

- 3 -

free to believe all, part, or none of the evidence." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa.Super. 2017). This Court "may not substitute our judgment for that of the factfinder." ***Commonwealth v. Griffith***, 305 A.3d 573, 576 (Pa.Super. 2023), *appeal denied*, 319 A.3d 503 (Pa. 2024).

Becker first argues that the evidence was insufficient to support his conviction for aggravated assault because the Commonwealth failed to establish that he intentionally attempted to cause bodily injury to Officer Menapace.

A person is guilty of aggravated assault if he "attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty[.]" 18 Pa.C.S.A. § 2702(a)(3). Persons enumerated in subsection (c) include a police officer. ***Id.*** at § 2702(c)(1). Therefore, to support the conviction, here the Commonwealth had to prove that Becker "(1) attempted to cause or intentionally or knowingly caused (2) bodily injury (3) to a police officer (4) in the performance of his duties." ***Commonwealth v. Marti***, 779 A.2d 1177, 1180 (Pa.Super. 2001). "The Commonwealth need not establish the victim actually suffered bodily injury." ***Commonwealth v. Hatch***, 314 A.3d 928, 932 (Pa.Super. 2024) (citation omitted). Rather, it must establish only "an attempt to inflict bodily injury," which can be shown by "circumstances which reasonably suggest that a defendant intended to cause injury." ***Id.*** (citation omitted). For an attempt, "it must be shown that the actor had a specific intent to cause bodily injury[.]" ***Id.*** (citation omitted). "A

- 4 -

person acts intentionally with respect to a material element of an offense if it is his conscious object to engage in conduct of that nature or to cause such a result[.]" ***Id.*** (citation omitted).

Here, the evidence established that Becker intentionally kicked Officer Menapace in the head while resisting arrest. Officer Menapace testified that Becker was intoxicated and refused to get into the police car after he was handcuffed. A scuffle then ensued, and Officer Menapace stated that Becker looked at him and kicked him directly in the head. Officer Busko witnessed the incident and testified that he saw Becker cock his leg and kick Officer Menapace with his shoe. Corporal Wynn saw Officer Menapace exit the vehicle holding his head and heard him say that he got kicked in the head. In the light most favorable to the Commonwealth, this evidence was sufficient for a jury to conclude that Becker attempted to inflict bodily injury on Officer Menapace.

Becker next argues that the evidence was insufficient to support his conviction for resisting arrest because it did not establish that he intended to prevent a lawful arrest.

A person is guilty of resisting arrest if "with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S.A. § 5104. "Section 5104 criminalizes two types of conduct intended to prevent a lawful arrest: the creation of a substantial risk of bodily injury to the officer or anyone else or means justifying

or requiring a substantial force to overcome." ***Commonwealth v. Clemens***, 242 A.3d 659, 666 (Pa.Super. 2020) (citation omitted).

Here, the evidence was that Becker became oppositional to the officers when they handcuffed him. N.T. at 43. He "tense[d] up," refused to get into the police car, and "put[] up a pretty good struggle," including kicking Officer Menapace in the head hard enough to make him feel dazed and dizzy. ***Id.*** at 25, 34. Becker's resistance caused both Officer Menapace and Officer Busko to fall. ***Id.*** at 25, 41. Becker created a substantial risk of bodily injury to the officers, and his actions justified or required substantial force to overcome his resistance. This evidence was sufficient to sustain Becker's conviction for resisting arrest. ***Clemens***, 242 A.3d at 666.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>06/09/2025</u>